WOOTEN PROPERTIES, INC., a corporation, Appellant,

v.

Frankie Lou SMITH, Independent Executrix of the Estate of Houston Smith, Jr., Deceased, Appellee.

No. 5584.

Court of Civil Appeals of Texas.

El Paso.

May 22, 1963.

Rehearing Denied June 19, 1963.

T. J. McMahon, McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Rush Moody, Jr., Midland, for appellee.

FRASER, Justice.

This action was filed in the court below by the appellee against the appellant (defendant in the court below) to recover the sum of $11,600.00, which appellee contended in the court below represented the balance of the purchase price of certain real property located in Wichita County, Texas, which property was the subject of an option contract between Houston Smith, Jr., predecessor in title to the appellee, and the appellant, the controversy arising over the consideration to be paid by appellant for said property upon the exercise by it of its option to purchase the same.

Both parties filed motions for summary judgment, and upon the hearing of these motions the court sustained that of the plaintiff in the court below (appellee here), and denied the motion of appellant.

The contract provisions with which we are here concerned are as follows:

"2.

"The agreed consideration to be paid for the above described property and improvements located therein is Three Hundred Ninety Thousand ($390,000.-00) Dollars if such option is exercised during the first year of this agreement.

"Thereafter, the consideration for said property shall be the said sum of Three Hundred Ninety Thousand ($390,000.00) Dollars less annual depreciation on the improvements located thereon on an agreed schedule of Eleven Thousand Six Hundred ($11,600.00) Dollars per year. Such agreed annual depreciation shall be pro-rated to the exact date that Buyer so elects to purchase the premises."

Both parties agree that the contract is unambiguous and clear and that the above provisions are all that need be considered in this lawsuit. The plaintiff here appears as executrix of the estate of her deceased husband, who was party to the original contract.

Inasmuch as both parties agree that there is no fact question involved, it is obvious that this is a clear case where a summary judgment is called for.

Both parties further agree, in context and by authority, that in a case such as this, where the wording of a contract is unambiguous, we do not have to deal with or concern ourselves with what intention existed in the minds of the parties, but must interpret such contract with respect to its intention and effect solely from the language used. 17 C.J.S. Contracts § 296, p. 695 et seq. It is also well established that

an unambiguous contract which does not conflict with the policy of the law shall be enforced as it is written, according to the ordinary meaning and usage of the words or terms involved, regardless of whether one or more of the parties contracted wisely or foolishly, or created a hardship for himself. 13 Tex.Jur.2d 306 et seq., and p. 312; Climatic Air Sales, Inc. v. Climatic Air Distributors, Tex.Civ.App., 336 S.W. 2d 461; Magnolia Warehouse & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184; Southwest Texas & International Flying Club, Inc. v. City of Del Rio, Tex.Civ.App., 324 S.W.2d 40; State Nat. Bank of Corpus Christi v. Morgan, 135 Tex. 509, 143 S.W.2d 757.

 With regard to the controversy here involved, the record reveals that the contract was entered into April 26, 1956, and that defendant (appellant) bought the property January 26, 1961, at which time said defendant tendered the sum of $334,900.00 as purchase price for the property. Plaintiff contends that the proper purchase price is $346,500.00, the difference in the two figures being that defendant claims that the terms of the contract provide for the subtraction of the depreciation payment from the date of the contract, while plaintiff's contention is that the annual depreciation sum of $11,600.00 does not begin until the expiration of the first year of the contract. There being no fact issues, the trial court was confronted with only the interpretation of this contract, and we think his interpretation is correct. We think the language clearly establishes that if the property was purchased under the option contract during the first year of the contract, same being the year between April, 1956 and April, 1957, then the defendant would have had to pay $390,000.00; that if defendant purchased at any time subsequent to the first year of the option contract, he would then pay, as provided, the sum of $390,000.00 minus an annual depreciation of $11,600.00, pro rated to the date of purchase. This is the trial court's interpretation, and this is the plaintiff's contention. We think the

terms of the contract are clear and unambiguous, and the normal meaning of the words and terms used therein leave but one construction possible—namely, that given it by the trial court, which is that defendant is entitled only to three and three-fourths years depreciation allowance.

Finding as we do that the trial court was entirely correct in his interpretation, it is our holding that appellant's points are all overruled, and the judgment of the trial court is in all things affirmed.