**Lawton L. SHURTLEFF, Appellant,**

v.

**David J. GILLER, Appellee.**

**No. 5464.**

Court of Civil Appeals of Texas, Waco.

July 17, 1975.

Rehearing Denied Aug. 21st, 1975.

Marvin Thomas, Dallas, for appellant.

Hunter, Greenfield, Whittington & Vineyard, J. Richard Whittington, Dave V. Haigler, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Shurtleff from take-nothing judgment in suit on a note against defendant Giller.

Plaintiff sued defendant on a promissory note dated June 1, 1973, in amount of $67,136., bearing 9% interest, and payable September 30, 1973. Plaintiff alleged he is owner and holder of the note, that defendant refused to pay same, and sought judgment for the face of the note, interest and attorney's fees.

Defendant answered that he executed the note under duress applied by plaintiff, and but for such duress he never would have executed same.

Trial was to the court without a jury, which rendered judgment plaintiff take nothing.

The trial court filed Findings of Fact and Conclusions of Law, pertinent of which are summarized as follows:

1) Plaintiff Shurtleff sued defendant Giller on a note for $67,136., dated June 1, 1973, and payable September 30, 1973.

2) In 1970 Giller became an employee of Thorsen Tool Company.

3) At all pertinent times Shurtleff was Chief Operating Officer of Thorsen.

5) Shurtleff was Giller's superior.

6) In May, 1973, Shurtleff demanded Giller sign the note sued on.

7) Immediately prior to Giller's signing the note, Shurtleff advised Giller unless he signed the note his employment with Thorsen would be terminated.

8) Giller signed the note because of the threat of termination of his employment by Shurtleff, and but for such fact would not have signed it.

9) For several months prior to and at the time of signing the note Giller's daughter was hospitalized at a charge of $700. per week.

10) Shurtleff was aware of the fact Giller's daughter was hospitalized.

11) Giller's employment contract contained a covenant not to compete with his employer for five years following termination of his services for any reason.

12) Giller knew of his covenant not to compete with his employer at the time he signed the note.

13) The signing of the note was not related to the business of Thorsen, but to matters personal to Shurtleff and Giller.

14) In 1968, Shurtleff and Giller entered into an agreement whereby they participated in construction of apartments in Dallas; Shurtleff was to have 50% interest in the project, but was not to be out any money as a result of participation in the project.

16) In 1969, Giller and Shurtleff borrowed $170,000. from a bank for the project, and jointly signed a note for such funds.

17) The note was paid down by the project to $60,000.

20) Shurtleff paid the Bank the $60,000.

24) Giller has not paid Shurtleff the note sued on.

## CONCLUSIONS OF LAW

Giller executed the note as a result of duress applied by Shurtleff. As a result of such duress, such transaction represented by said note is void and unenforceable, and Giller is not indebted to Shurtleff on the note.

Plaintiff appeals on 16 points, pertinent of which contend:

1) The evidence is insufficient as a matter of law to establish duress.

2) The evidence is insufficient to establish defendant signed the note because of the threat of termination of his employment.

3) The finding that plaintiff advised defendant if he did not sign the note his employment would be terminated is based on parol evidence which is inadmissible to vary the terms of the written note.

4) There is no evidence, and/or insufficient evidence to support the judgment, and the judgment is against the great weight and preponderance of the evidence.

Plaintiff was defendant's superior in the Thorsen Tool Company. Plaintiff and defendant formed a joint venture aside from their duties with Thorsen to construct apartment houses. Plaintiff and defendant signed a note at a bank for $170,000. to get funds for the project. The note was paid down to $60,000 by the project. Plaintiff and defendant dissolved the joint venture, and agreed that all assets of the venture be transferred to defendant and defendant be liable for all indebtedness. Thereafter the bank called on plaintiff to pay the $60,000 due on the $170,000. note plaintiff and defendant had signed. Plaintiff paid such note, and thereafter asked defendant to sign the note here sued on. Defendant testified plaintiff told him that his employment at Thorsen would be terminated unless he signed the note. Plaintiff denied the foregoing. Defendant knew of his covenant not to compete with his employer after termination of employment, and plaintiff knew of the hospitalization of defendant's daughter.

■ Duress is a question of fact and is the threat to do some act which the party threatening has no legal right to do. Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. The restraint caused by such threat must be imminent, and must be such that the person to whom it is directed has no present means of protection. *Dale v. Simon*, Tex.Com.App., Adopted, 267 S.W. 467; *Lawrence v. J. M. Huber Corp.*, Tex.Civ.App., NWH, 347 S.W.2d 5; *Outlaw v. Settegast*, Tex.Civ.App., NRE, 338 S.W.2d 291; *Scurlock v. Lovvorn*, Tex.Civ.App., NWH, 410 S.W.2d 525.

 Plaintiff could have sued defendant on the termination agreement for the $60,-000. plaintiff paid to the bank, but instead chose to have defendant sign a note. The note is for more than $60,000. and bears 9% interest. Plaintiff did not have the right to threaten to terminate defendant's employment if he did not sign the note.

We think the evidence as a whole is ample and sufficient to establish that plaintiff did threaten to terminate defendant's employment if defendant did not sign the note, that duress has been established, and that the findings and judgment are not against the great weight and preponderance of the evidence. In re *King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

All plaintiff's points and contentions have been considered and are overruled.

Affirmed.