Charles F. BAILEY, Jr., Appellant,

v.

ARLINGTON BANK & TRUST COMPANY, Appellee.

No. 2–85–016–CV.

Court of Appeals of Texas, Fort Worth.

July 24, 1985.

H. Tod Weaver, Grapevine, for appellant.

Bagby, Ross, Arnn & Hartley and Deborah K. Hartley, Arlington, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

OPINION

HILL, Justice.

Dr. Charles F. Bailey, Jr. appeals from a directed verdict that he take nothing in his suit to set aside or modify a trust agreement and a deed executed in connection with the trust agreement. In a single point of error, Dr. Bailey maintains that he presented sufficient evidence of probative force to present to the jury that the trust and deed should be set aside due to duress or undue influence.

We affirm, because we do not find that there was any evidence of probative force to raise such a fact issue.

■■■ In reviewing the granting of an instructed verdict by the trial court, we must consider the evidence in a light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *See Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982); *Texas Employers Insurance Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex.1977). The appellate court must determine if there is any conflicting evidence of probative force to raise a fact issue on any theory of recovery. *White v. Southwestern Bell*, 651 S.W.2d 260, 262 (Tex. 1983); *Jones v. Tarrant Utility Co.*, 638 S.W.2d at 865. If there is any such evidence on any theory of recovery, a determination of that issue is for the jury. *Id.* An instructed verdict is proper if the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negate the right of his opponent to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.); *Newitt v. Camden Drilling Co.*, 552 S.W.2d 928, 931 (Tex.Civ.App.—Corpus Christi 1977, no writ); 3 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 11.28.1 (rev. 1970).

Dr. Bailey executed the trust agreement and deed in question in late 1974. The property in the trust, real property situated in Coleman County, had been in Dr. Bailey's family for many years, and he testified at trial that he had a strong emotional attachment to it. He also testified at trial that he had been having personal and marital problems prior to the execution of the trust and deed. For some time, he said, his wife had been pressuring him to earn more money, and he was, in addition to his regular medical practice, taking classes in Dallas and studying at night in order to obtain his board certification in neurology. He suffered from high blood pressure and was anxious and depressed. He further testified that his wife told him that if anything ever happened to him, she was going to get rid of that trash, meaning his family's property, and spend the money. Dr. Bailey said that he believed his wife, and that he was afraid that he was going to die, either from bad health or by poison or bullet. Therefore, he testified, he put the property in trust for his son. He said that his health problems disappeared shortly after separation from his wife. Dr. Bailey and his wife were divorced in 1976, and he brought this suit in 1979, asking to have the trust and deed set aside or modified because they were the result of duress and undue influence by his former wife.

■■ It has been held that duress is the threat to do some act which the threatening party has no right to do. The threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. The restraint caused by such threat must be imminent, and must be such that the person to whom it is directed has no present means of protection. *Dale v. Simon*, 267 S.W. 467, 470 (Tex.Comm'n App.1924, opinion adopted); *Shurtleff v. Giller*, 527 S.W.2d 214, 216 (Tex.Civ.App.— Waco 1975, no writ).

In the case at bar, the threat of what Mrs. Bailey might do with the property in question was not imminent, but was related to some unknown time in the future. It also does not appear that she was threatening to do anything which she would not have a legal right to do. She seems to have been saying that if the property ever belonged to her due to Dr. Bailey's death that she would sell it and spend the money. We therefore hold that there is no evidence of duress.

For there to be "undue influence" in the execution of an instrument, there must be such dominion and control exercised over the mind of the person executing such instruments, under the facts and circumstances then existing, as to overcome his free agency and free will, and to substitute the will of another so as to cause him to do what he would not otherwise have done but for such dominion and control. *Board of Regents of Univ. of Texas v. Yarbrough*, 470 S.W.2d 86, 92 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.).

In the case at bar, it appears evident that the action taken by Dr. Bailey was not the substituted will of his wife, but was his effort to thwart what he understood her will to be. There is no testimony that anyone other than himself desired that he sign the trust agreement and deed in question.

Dr. Bailey relies on the case of *Suddarth v. Poor*, 546 S.W.2d 138 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) to show that he presented sufficient evidence on the issue of undue influence to avoid a directed verdict. The *Suddarth* opinion does not turn on that question; therefore, it does not relate the evidence which was presented. It is clear from the opinion, however, that the party claiming undue influence did what the parties who were allegedly exerting undue influence wanted him to do. In the case at bar, Dr. Bailey's action was taken to avoid the desire of Mrs. Bailey. We have examined the other authorities relied on by Dr. Bailey, and we do not find any which are inconsistent with this opinion.

We overrule point of error number one. The judgment is affirmed.