**CREATIVE MANUFACTURING, INC., Appellant,**

v.

**UNIK, INC., Appellee.**

No. 2–86–058–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 5, 1987.

Rehearing Denied March 26, 1987.

Hill, Heard, Oneal, Gilstrap & Goetz and Shane Goetz, Arlington (on appeal only), for appellant.

Richards, Harris, Medlock & Andrews and Charles S. Cotropia, Dallas, Shannon, Gracey, Ratliff & Miller and Earl Harcrow, Fort Worth, for appellee.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Creative Manufacturing, Inc. appeals a judgment taken against it by Unik, Inc., the appellee, as a result of the breach of a

written license agreement under a patent. In a trial before the court, Unik recovered its damages in the amount of $21,799.80, attorneys' fees of $36,598.46, prejudgment and postjudgment interest, and costs. Creative presents three points of error.

We affirm.

In May, 1983, Creative, Mike Jennings (its president), and Unik entered into an agreement by which Creative was granted a license to manufacture and sell certain lap desks in return for royalty payments which it was to pay to Unik. Creative was to pay a total royalty of $1.00 for its activities prior to May 1, 1984, and a royalty of five percent (5%) of the net sales value of all the products Creative thereafter produced under the agreement. Creative was to deliver monthly accounting reports to Unik. The license agreement was entered into in connection with the settlement of litigation between the parties. Creative paid the $1.00 but paid no further royalties even though it continued to manufacture and sell the lap desks after May 1, 1984. Unik subsequently brought this suit for a declaratory judgment that Creative's acts constitute a material breach of the agreement, seeking an accounting, and for its reasonable attorneys' fees and costs. Unik's suit was filed in the 348th District Court on October 19, 1984. On December 7, 1984, Creative filed suit in federal court, seeking to declare the underlying patent invalid and void and that it had not infringed on the patent, and seeking attorneys' fees.

■ In point of error number one, Creative urges that the trial court erred and abused its discretion in not granting its motion to stay proceedings. Five days prior to trial, Creative filed a motion to stay these state court proceedings, generally on the grounds that the federal court would be more familiar with patent law. Creative urged, in effect, that the trial court abate this action in favor of the resolution of the validity and enforcement of the underlying patent in the federal court. Unik had a valid state court claim for breach of contract. The fact that the case involves a patent question does not mean that Creative's subsequent action in federal court operates to abate Unik's state court proceeding. See *Hyde Corporation v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 771 (1958). In the *Hyde Corporation* case, the Supreme Court held that a trade secret case brought in state court by the holder of a patent against his licensee was not abated by a pending federal court action brought by the licensee, which sought to assert the superiority of a patent which it had purchased from a third person after entering into the licensing agreement. We believe the same rule would apply to a breach of contract action brought by a patent holder against his licensee for breach of the license agreement.

■ One of the cases cited by Creative holds that a state court suit for breach of the licensing agreement due to the failure to pay royalties is not a suit arising under the patent laws and that such a suit may be continued at the same time as a federal suit for declaratory judgment of the invalidity of the patent. *Thiokol Chemical Corp. v. Burlington Industries, Inc.*, 448 F.2d 1328, 1330–31 (3rd Cir.1971). The other cases cited by Creative either involve situations where the federal action preceded the state action or situations where the trial court was held not to have abused its discretion by granting such a stay. Creative cites no case which holds that the trial court in a situation such as the case at bar abuses its discretion by refusing to stay a state court proceeding pending the outcome of a subsequently-initiated federal court proceeding. We hold that the trial court did not abuse its discretion and overrule point of error number one.

In point of error number two, Creative argues that the trial court erred and abused its discretion in awarding Unik attorneys' fees of $36,598.46. Creative asserts that the attorneys' fees awarded by the trial court were unreasonable. The trial court filed findings of fact and conclusions of law. In the findings of fact, the trial court found that Unik made a proper presentment of its claim for past royalties due against Creative in a timely manner pursuant to TEX.CIV.PRAC. & REM. CODE ANN. sec. 38.001 (Vernon 1986),

entitling Unik to recover a reasonable amount as attorneys' fees; that the hourly rate charged by Unik's counsel in representing Unik was reasonable; and that the time expended by Unik's counsel in representing it was reasonable and necessary, and was professionally and meticulously recorded by Unik's counsel.

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ When the party having the burden of proof on a special issue appeals from an adverse fact finding, the point of error challenging the legal sufficiency of the evidence should be that the matter was established "as a matter of law." *Id.*

However, if a party without the burden of proof incorrectly phrases his point of error and contends that the finding was established "as a matter of law," he has still invoked this court's appellate jurisdiction to consider the contention that there was no evidence to support the finding. *See id.*

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex. 1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L. REV. 361 (1960).

■ Attorneys' fees, where recoverable by law, must be reasonable under the particular circumstances of the case and must bear some reasonable relationship to the amount in controversy. *Commonwealth Lloyd's Ins. Co.,* 678 S.W.2d at 284. In deciding the question of excessiveness, the reviewing court is obligated to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and the common knowledge and experience of the court as lawyers and judges. *Id.* at 284–85.

Unik recovered damages, exclusive of interest and attorneys' fees, in the amount of $21,799.80. No particular amount of damages was requested in its petition, but Unik's demand letter requested royalty payments in the minimum amount of $29,-500.00.

■ Charles S. Cotropia, Unik's attorney, testified in some detail as to the amount of time spent in the preparation for trial, in trial, and in post-trial procedures. Daily time records and summaries of those records were introduced for the trial court's consideration. Cotropia testified that the attorneys' fees represented by the documentation were necessary and reasonable attorneys' fees in Dallas and Tarrant County, Texas. The attorneys employed

on the case included at least three lawyers who specialized in patent matters, including at least two who had training in engineering in addition to their legal training. Although this was not a patent suit, it was a contract suit which involved issues of patent law which justified the use of attorneys with some expertise. Creative urges that this was a simple case, as a Unik witness testified that it was, but it was not altogether simple in view of the patent questions that were involved. In view of the testimony presented, the nature of the case, and the expertise of counsel, we do not find the attorneys' fees awarded by the court to be excessive. Creative argues that time spent by Unik's counsel on an injunction and on a portion of its damage claim should not have been included in the amount awarded. Mr. Cotropia testified that no time was spent on preparation for the request for injunction and that the time spent on any of the claim that was dropped was "marginal." There was no testimony that any appreciable amount of time went into the preparation of Unik's claim for damages after Creative had repudiated the validity of the underlying patent, as opposed to the preparation of the claim for damages arising before that time. We overrule point of error number two.

In point of error number three, Creative asserts that the trial court erred in awarding Unik royalties under the license agreement, because Creative entered into the licensing agreement under duress. Creative takes the position that the trial court's failure to find that the license agreement was entered into under duress was against the great weight and preponderance of the evidence.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a

jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

■ Duress is the threat to do some act which the party threatening has no legal right to do. Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. The restraint caused by such threat must be imminent, and must be such that the person to whom it is directed has no present means of protection. *Dale v. Simon,* 267 S.W. 467, 470 (Tex.Comm'n App.1924, judgmt. adopted); *Shurtleff v. Giller,* 527 S.W.2d 214, 216 (Tex.Civ.App.—Waco 1975, no writ).

■ Creative's claim of duress is based on testimony by Mike Jennings, Creative's president at the time suit was filed, to the effect that he entered the contract because he had no choice but to sign it, since he was set for trial, without an attorney, the following day in a state court proceeding brought by Unik. He said that his attorney had withdrawn a short time before trial because the attorney had not had time to become familiar with the case. He further stated that he felt that if he did not settle the case by signing the agreement he would otherwise be put out of business and lose everything he had.

Jennings presented no evidence of any threat on the part of Unik to do anything which Unik had no right to do. Unik had every right to set its case for trial. It was for the trial court to decide whether the mere fact that the case was set for the next day destroyed Jennings' free agency or overcame his will. Finally, there is no indication that Jennings would have been unable, had he chosen to do so, to obtain a continuance from the trial court in order to

obtain an attorney. He therefore failed to show that he had no present means of protection. Since Jennings failed to present evidence of duress, the trial court's failure to find that the license agreements were entered into under duress was not against the great weight and preponderance of the evidence. We overrule point of error number three.

The judgment is affirmed.