**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,**
Appellant,

v.

**Larry THRASHER, Appellee.**

**No. 12–89–00008–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 29, 1990.

Rehearing Overruled Oct. 26, 1990.

Michael Shaunessy, Austin, for appellant.

Craig M. Daughtery, Tyler, for appellee.

SAM BASS, Justice.

This is a workers' compensation case. Based upon a jury verdict, the trial court rendered judgment that the appellee-claimant, Larry Thrasher, recover benefits for permanent partial disability. The Highway Department argues that Thrasher's recovery is barred under Tex.Rev.Civ.Stat.Ann. art. 8306, § 21 (Vernon 1967), because when he applied for the Highway Department job, he concealed a prior acute back strain. In the State's view this deception amounts to an intentional and false representation that he had not been afflicted with the occupational disease which is the cause of his incapacity. Because there is no evidence that he was afflicted with such an occupational disease when he was hired by the Highway Department, we will affirm the judgment.

At the time of trial, Thrasher was thirty-four years old and had worked all of his adult life at a succession of jobs requiring manual labor. In May 1980, he sustained an injury to his lower back while unloading a truck for his employer, East Texas Lumber Company. Thrasher remained unable to work for thirteen months because of the injury which was finally diagnosed as acute back strain. Although he was still having some back pain, Thrasher went to work for Continental Drilling Company as a fork lift operator on July 15, 1981. He worked for Continental until May 10, 1982, when he went to work for the Highway Department. He did not reveal his prior injury on his job application. Thrasher testified that after the first couple of months back on the job, he had no back pain during the time he worked for Continental. Nor did he have any difficulty with his back while with the Highway Department until January 8, 1986, when he reached down to pick up a heavy steel fork for a front-end loader. He had lifted the fork halfway up to his shoulder when he says his back popped. He managed to get the fork to his shoulder and load it on the truck when a sharp pain hit his back. He fell to the ground and lay there a few minutes. Then he got up and worked the rest of the day. The next day his back was worse, and he was sent to the first of a series of doctors who treated his injury. Ultimately, his condition was diagnosed as degenerative disc disease with defects present at L4–L5, L5–S1 levels.

Several physicians testified. It seems agreed that degenerative changes in the intervertebral disc are present in nearly everyone as they age. A rupture or a bulging of the disc present in Thrasher's spine may be the end result of degenerative changes or precipitated solely by a traumatic incident. Dr. Fletcher testified that the injury was consistent with Thrasher's version of the accident, and that he probably sustained the disc injury at the time and in the manner alleged in his claim.

On several occasions since his injury, Thrasher returned to work at light duty

with the Highway Department, but he was never able to resume regular duties. The Department terminated his employment in April 1987. He has not worked nor sought employment since then.

■ It is undisputed that Thrasher intentionally and falsely denied any prior back injury in his employment application to the Highway Department. The controlling question in this appeal is whether his false statement denying prior injury constitutes a bar to his recovery under Tex.Rev.Civ. Stat.Ann. art. 8306, § 21 (Vernon 1967) as a false representation that he had not previously been afflicted with an occupational disease that caused his incapacity.

The State, in its first point of error, insists that the trial court erred in denying its motion for directed verdict because Thrasher's recovery was barred under section 21 of article 8306 which provides as follows:

> If the employee, at the time of his employment, wilfully and falsely represents in writing that he has not previously been afflicted with the occupational disease which is the cause of incapacity or death, no compensation shall be payable.

First, the State urges that an occupational disease is defined as an injury by the Act. Therefore it argues that the willful misrepresentation of a prior injury invokes the bar of section 21, although it concedes there are no cases that support this interpretation. However, although the Act considers all occupational diseases as injuries under the Act, all injuries are not defined as occupational diseases. And it is only the willful and false denial of the disabling occupational disease that will prevent the payment of compensation.

Next, the State argues that Thrasher's degenerative disc condition is the result of repetitive physical trauma and therefore an occupational disease explicitly set out in the statutory definition. Tex.Rev.Civ.Stat. Ann. art. 8306, § 20 (Vernon 1990). The State contends that the 1980 injury and the 1986 injury are manifestations of the same disease; that consequently pre-existed his employment application to the Highway Department. Therefore, the State insists,

his concealment of his 1980 injury bars his recovery.

A directed verdict is proper if the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negate the right of his opponent to judgment. *Bailey v. Arlington Bank & Trust Co.*, 693 S.W.2d 787, 788 (Tex.App.—Fort Worth 1985, no writ). However, we conclude that, far from establishing the State's defense as a matter of law, the record in this case contains no evidence amounting to more than a scintilla that supports at least one necessary element of the State's defense. Point of error number one is overruled.

■ In points of error two and three, the State complains that the trial court erred in refusing to submit to the jury its requested issues inquiring whether the appellee, at the time of his employment with the State, willfully and falsely represented that he had not been afflicted with an occupational disease which was the cause of his incapacity. In points four, five and six, the State urges that the trial court erred in denying related requested instructions defining "false representations as to previous disease," "injury or personal injury to include occupational disease," and "occupational disease."

The operation of section 21 to deny Thrasher workers' compensation benefits requires that the State prove that (1) his disability is the result of an occupational disease, in this case repetitious physical trauma, (2) the onset of the disease antedated his 1982 employment application to the Highway Department, and (3) Thrasher knew that he had been afflicted with the disease at the time he made his application.

Even if we assume the truth of the highly problematic proposition that Thrasher's disability is the result of occupational disease, there is still no evidence that would support a finding that the disabling disease existed before he applied for the job with the State in 1982.

The State's argument on this point relies exclusively on the assumption that both the

1980 episode and the 1986 injury manifest the same condition because the lower back was affected in each case. However, there is no evidence that Thrasher's 1980 chronic lower lumbar strain and his 1986 disc abnormality were the product of the same pathology. On the contrary, when his neurosurgeon was asked how Thrasher may have developed the disc condition, he testified "I don't know. It could be trauma. It could be old trauma, new trauma, result of the aging process." He could not tell if Thrasher's condition in 1986 was related to the 1980 problem. The State's brief also concedes that "whether Thrasher had degenerative disc disease in 1980 cannot be determined." The 1980 injury was diagnosed at the time as chronic lower lumbar strain. After his recovery in 1981, Thrasher worked for five years without incident at a variety of jobs requiring rigorous physical exertion. Thrasher testified that he experienced no further difficulty with his back until 1986 when he picked up the heavy steel fork for the front-end loader. Thrasher alleged and proved an acute injury, one traceable to a definite time, place and cause. Its sudden onset strongly suggests that it was the result of new trauma. There is medical testimony that Thrasher's injury probably occurred in the manner he claimed.

Evidence of two back injuries occurring six years apart and diagnosed as having different causes can do no more than raise a suspicion that they might proceed from the same cause. "[W]hen evidence of a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence...." *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970). If requested issues are unsupported by evidence, the trial court should not submit them. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). The trial court did not err in refusing to submit the State's requested issues and instructions. Appellant's points two through six are overruled.

The judgment is affirmed.