**Oscar G. DOMINGUEZ, Appellant,**

v.

**Lynne TRENT and Jonathan Trent, Both Individually and d/b/a Superior Medical Home Health Care Services, Inc., Appellees.**

No. 08–91–00420–CV.

Court of Appeals of Texas, El Paso.

July 1, 1992.

Ouisa D. Davis, El Paso, for appellant.

Joseph L. Hood Jr., Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from summary judgment for Lynne Trent and Jonathan Trent, entered against plaintiff Oscar Dominguez. In a single point of error, Mr. Dominguez complains that the trial court erred because genuine issues of material fact precluded summary judgment. We find that the subject matter of the alleged agreement is illegal and unenforceable as a matter of law. We affirm.

## FACTS

From 1983 until 1987, Oscar Dominguez was the majority shareholder in several Texas and New Mexico corporations, collectively called Medical Home Health Care (MHHC), providing nursing, therapy and personal care services in patient's homes. Lynne Trent worked for MHHC as a nurse and administrator for most of that time.

In January 1987, the FBI began investigating Mr. Dominguez for a check kiting scheme. Silver Savings and Loan lost approximately $1,000,000 as a result of the scheme. Mr. Dominguez ultimately pled guilty to violating federal bank fraud statutes, but the federal court deferred sentencing for 6 months so Dominguez could assist in training a subsidiary of Silver Savings & Loan to operate MHHC, as the profits from that business were to be used as restitution for the check kiting losses. In February 1988, Dominguez was sentenced, and he was imprisoned from June 30, 1988, until February 1990.

In August 1987, immediately after Dominguez's plea of guilty, the parties to this suit incorporated Superior Medical Home Health Care. Dominguez alleges that in return for his contribution of start-up money and a leasehold interest used as loan collateral, he was to maintain a one-third beneficial interest in Superior while incarcerated. The Trents would hold his interest in trust and turn it over to him upon his release from prison.

In September 1987, Ms. Trent filed, on behalf of Superior, a Disclosure of Ownership and Control Interest Statement with

the U.S. Department of Health and Human Services. This document was necessary to establish Superior's eligibility as a Medicare provider, and the federal government required that it disclose every person with an ownership or control interest in the company. The statement did not reflect that Oscar Dominguez possessed any ownership interest in the company, nor that he was a director. Ms. Trent's license application filed with the Texas Department of Health, likewise, did not reflect any ownership or control interest by Oscar Dominguez.

Dominguez knew that Superior would submit these documents without disclosing any ownership interest he might claim. He also concealed any interest in Superior from the federal judge who sentenced him, because he did not want the judge to think he was acting in any way adverse to Medical Home Health Care. Similarly, he did not reveal any interest in Superior to MHHC itself, with which he had entered a covenant not to compete.

## ILLEGAL AND UNENFORCEABLE CONTRACT

Defendants advance three arguments in support of their motion for summary judgment: (1) the statute of frauds barred enforcement of the contract, as Mr. Dominguez's imprisonment for 18 months rendered it incapable of performance within one year; (2) the contract as alleged was illegal and, therefore, unenforceable; and (3) the parties confidential relationship required creation of a constructive trust. Because we find the second argument dispositive of the case, we do not reach the first or third.

 It is well settled that a contract which cannot be performed without violating the law is void. *Lewis v. Davis*, 145

Tex. 468, 199 S.W.2d 146, 148–9 (Tex.1947); *Flynn Brothers, Inc. v. First Medical Associates*, 715 S.W.2d 782, 785 (Tex.App.— Dallas 1986, writ ref'd n.r.e.). One test for enforceability is "whether the plaintiff requires any aid from the illegal transaction to establish his case." *Lewis*, 199 S.W.2d at 151. We find that Mr. Dominguez's cause of action cannot withstand this test.

 To prevail here, plaintiff must prove the existence of an oral agreement with the Trents to hold his interest in Superior Health Care in trust, and conceal that interest from the U.S. Department of Health and Human Services, the Texas Department of Health, a federal judge and his former corporation which possessed his pledge of noncompetition. Dominguez cannot evade summary judgment unless we are willing to enforce the terms of a contract deliberately designed to evade the requirements of federal[1] and state[2] law. This we decline to do; rather we will leave the parties as we found them. *Flynn*, 715 S.W.2d at 785; *Araiza v. Chapa*, 319 S.W.2d 742, 745 (Tex.App.—San Antonio 1958, writ ref'd n.r.e.).

## CONCLUSION

For these reasons, we affirm the summary judgment of the trial court.

---

**1.** Under federal law, to qualify as a Medicare provider, a home health care agency must identify each person with an ownership or control interest in the business. 42 U.S.C. §§ 1320a–3(a)(1) and 1395bbb(a)(2)(A). This requirement extends not just to direct ownership, but also to those who have "indirectly ... an ownership interest of 5 per centum or more...." 42 U.S.C. § 1320a–3(a)(3)(A)(i). Failure to make these disclosures can result in the agency's exclusion from Medicare programs. 42 U.S.C. § 1320a–

7(b)(9). Any person who knowingly and willfully fails to provide this information is guilty of a felony. 42 U.S.C. § 1320a–7b(c).

**2.** Under Texas law, to qualify as a Medicare provider, an agency must file an application for license which includes the identity of the owner or any persons who own an interest in the service. Tex.Health & Safety Code § 142.004.