Danny Lee LAMBERT and Teresa Lambert, Individually, and as Next Friends of Rusty Lambert and Rebecca Lambert, Appellants,

v.

AFFILIATED FOODS, INC., Appellee.

No. 07–98–0371–CV.

Court of Appeals of Texas, Amarillo.

Nov. 16, 1999.

Rehearing Overruled Jan. 20, 2000.

Templeton Smithee Hayes Fields Young & Heinrich, Coleman Young, Robert L. Templeton, Amarillo, for appellant.

Conant Whittenburg French & Schachter PC, Chris Weber, Lewis Coppedge, Amarillo, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

By this appeal, Danny Lee Lambert and Teresa Lambert, individually and as next friends of Rusty Lambert and Rebecca Lambert (Lambert), challenge the trial court's order granting summary judgment that they take nothing against Affiliated Foods, Inc. (Affiliated) on their common law cause of action for personal injuries sustained by Lambert while in the course and scope of his employment with Affiliated. Together with a global issue[1] Lambert presents four specific sub-issues, to wit: (A) whether waivers of employees' rights against non-subscribing employers not providing benefits equivalent to Workers' Compensation Benefits can be enforced or whether such waivers are void or unenforceable as against Texas public policy; (B) whether a waiver can be enforced if executed as part of an employment contract; (C) whether Affiliated's plan benefits meet or match benefits provided under Workers' Compensation, and (D) whether estoppel and ratification defenses are precluded by Texas public policy and Affiliated's unclean hands.[2] Based upon the rationale expressed herein, we affirm.

Effective November 3, 1991, Affiliated elected not to provide workers' compensation insurance coverage, *see* Tex.Lab.Code Ann. § 406.002 (Vernon 1996), became a non-subscriber, and established the Affiliated Foods, Inc. Employee Disability Benefit Plan (plan), which was in effect on May 13, 1992, the date Lambert was hired, and thereafter. The plan provides alternative no-fault coverage for occupational and non-occupational injuries to employees[3]

---

1. *See Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970).

2. We address Lambert's sub-issues throughout our opinion as they appear on page 3 of his brief.

3. In general, the plan provided short-term disability benefits, long-term disability coverage, accidental death and dismemberment benefits, and life insurance.

who voluntarily elect to participate in the plan. Because of our analysis which is discussed below, a detailed comparison of the plan's benefits with benefits provided under the Workers' Compensation Act[4] is not necessary. When Lambert was hired, he acknowledged receipt of notice in a document entitled "Notice to New Employees" that Affiliated did not provide workers' compensation insurance coverage. Also, on May 13, 1992, Lambert signed a one-half page document entitled "Conditional Employment Agreement" agreeing that if any physical conditions were discovered upon his physical examination which might interfere with his work, or if his drug screening results were questionable, his employment would not continue.

Following completion of the foregoing documentation, Lambert attended an employee orientation meeting during which a representative of Affiliated discussed and presented an election form to Lambert entitled "ELECTION TO PARTICIPATE IN THE AFFILIATED FOODS, INC. EMPLOYER DISABILITY BENEFIT PLAN." Among other things, the election signed by Lambert contained the following three provisions in bold print:

... AS REQUIRED BY THE TERMS OF THE PLAN, THE UNDERSIGNED HEREBY IRREVOCABLY AND UNCONDITIONALLY RELEASES AND WAIVES ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER NOW EXISTING OR ARISING IN THE FUTURE, THAT THE UNDERSIGNED MAY HAVE AGAINST AFFILIATED FOODS, INC., ITS OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS AND EMPLOYEES, THAT ARISE OUT OF OR ARE RELATED TO ILLNESS, INJURIES OR DEATH SUSTAINED BY THE UNDERSIGNED IN THE COURSE AND SCOPE OF THE EMPLOYMENT OF THE UNDERSIGNED BY AFFILIATED FOODS, INC.

* * *

I UNDERSTAND THAT BY EXECUTION OF THIS DOCUMENT, I WILL LOSE THE RIGHT TO SUE AFFILIATED FOODS, INC. AND PEOPLE EMPLOYED BY IT IN CONNECTION WITH INJURIES, ILLNESS OR DEATH SUSTAINED IN MY EMPLOYMENT WITH AFFILIATED FOODS, INC. AS A RESULT OF ITS OR THEIR NEGLIGENCE OR OTHER ACTIONABLE CONDUCT. MY ONLY REMEDY WILL BE TO BENEFITS UNDER THE PLAN.

* * *

I understand that if I elect to participate in the Plan, I may revoke my election to participate by delivery of a written revocation to the Human Resources Department of Affiliated Foods, Inc. at any time within three days of the date upon which I executed the original election to participate, PROVIDED, HOWEVER, that no such revocation shall be effective with respect to any occupational injury I sustain prior to the time that my written revocation is delivered to the Human Resources Department.

Following the foregoing provisions is the typewritten phrase, "I hereby elect to Participate in the Plan" and appearing below it are Lambert's signature and the signature of a representative of Affiliated as a witness, and the date of May 13, 1992.

Lambert claims he was injured during the course and scope of his employment with Affiliated on February 12, 1993. Following his injury, Lambert received, accepted, and retained disability and medical care benefits from the plan in the total

4. Tex.Lab.Code Ann. §§ 401.001–418.002 (Vernon 1996 & Supp.1999), hereafter referred to as the Act.

amount of $57,698.32. Then, on February 10, 1995, Lambert filed suit against Affiliated seeking common law personal injury damages. By its original answer, in addition to its general denial, Affiliated alleged affirmative defenses including (i) waiver, (ii) Lambert's injuries were proximately caused by his sole negligence, and (iii) offset for benefits previously paid. By his subsequent amended petition, Lambert alleged typical common law negligence claims for personal injuries against Affiliated and that certain common law defenses were not available; however, Lambert did not reply to or seek to set aside or avoid the waiver or election agreement because of fraud, accident, mistake, no consideration, failure of consideration, or the like, or assert that the waiver agreement was unenforceable as against public policy. As grounds [5] for its first amended motion for summary judgment that Lambert take nothing, Affiliated contended:

- Lambert's negligence claims against Affiliated for his occupational injury are barred by an enforceable post-employment waiver of Lambert's right to sue Affiliated that Lambert voluntarily executed in exchange for receiving $57,698.32 in benefits under Affiliated's Employee Disability Plan;

- Lambert ratified the waiver by accepting $57,698.32 in benefits under Affiliated's Employee Disability Plan for his occupational injury;

- Lambert is estopped from suing Affiliated because he accepted $57,698.32 in benefits under Affiliated's Employee Disability Plan; and

- Because Lambert's claims against Affiliated are barred, the derivative claims of his wife and children for loss of parental and spousal consortium are also barred.

In response to Affiliated's motion, Lambert raised the following issues: [6] (i) the waiver was void pursuant to section 406.035 of the Texas Labor Code Annotated (Vernon 1996), (ii) the waiver was "tied" to Lambert's employment, (iii) there was no summary judgment evidence showing that the benefits under the plan were equivalent to benefits under the Act, (iv) rights and benefits allegedly given up by Lambert were never explained to him, and (v) waiver, estoppel, and ratification were not well taken for a variety of reasons. Following the hearing, the court took the motion under advisement and on October 22, 1998, signed its order without stating the specific grounds relied on, granting Affiliated's motion for summary judgment that Lambert take nothing by his suit.

### Summary Judgment Standard of Review Rule 166a(c)

In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). A motion for summary judgment must state the specific grounds therefor. Tex.R.Civ.P. 166a(c). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. *Id.* A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986), or negate at least one essential element of the non-movant's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Hous-*

---

**5.** Consistent with Rule 166a, we use the term "grounds" to refer to the reasons entitling the movant to summary judgment. Likewise, we use the term "issues" to refer to the reasons the non-movant contends defeat the movant's

entitlement to summary judgment. *See McConnell v. Southside School Dist.*, 858 S.W.2d 337, 339, n. 2 (Tex.1993).

**6.** See footnote 5.

ton v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex.1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R.Civ.P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex.1989).

By sub-issue A, Lambert contends the waiver or election executed by Lambert of rights to sue Affiliated, a non-subscribing employer, for common law negligence, is unenforceable on grounds of public policy because the benefits provided by the employer's plan are not equivalent to benefits provided under the Act. Also, by sub-issue D, Lambert contends that estoppel and ratification defenses are likewise unenforceable on public policy grounds. We disagree. Because these sub-issues present the same public policy issue, we will consider them together.

■ In Lawrence v. CDB Services, Inc., 1 S.W.3d 903 (Tex.App.—Amarillo 1999), this Court had the opportunity to consider similar issues, documentation, and the question of public policy regarding an employee's waiver of the right to sue for work related injuries, and held that public policy did not invalidate the employee's election and waiver. Because we determine that Lawrence is controlling here, in the interest of judicial economy, we adopt our decision in Lawrence, the same as if expressly detailed herein.

Moreover, as noted in Lawrence, we are aware that in Reyes v. Storage & Processors, Inc., 995 S.W.2d 722, 728 (Tex.

App.—San Antonio 1999, pet. filed), our sister court held a similar waiver by an employee to be contrary to public policy. Although we are often in agreement with our colleagues, in this instance, we prefer to exercise judicial restraint and not invade the province of the Legislature. Historically, Texas courts have recognized many common law grounds to invalidate private contracts or arrangements. See generally Giangrosso v. Crosley, 840 S.W.2d 765, 768 (Tex.App.—Houston [1st Dist.] 1992, no writ) (discussing fraud, accident, or mistake); Dominguez v. Trent, 836 S.W.2d 677, 679 (Tex.App.—El Paso 1992, no writ) (discussing illegality); Bailey v. Arlington Bank & Trust Co., 693 S.W.2d 787, 788–89 (Tex.App.—Fort Worth 1985, no writ) (discussing duress and undue influence); Crandall v. Moss, 252 S.W.2d 491, 494 (Tex.Civ.App.—El Paso 1952, writ ref'd) (discussing mistake); Groves v. Whittenburg, 120 S.W.2d 870, 871 (Tex.Civ.App.—Amarillo 1938, no writ) (discussing immorality, illegality, and repugnance to public policy). Here, however, instead of seeking to avoid the effect of his waiver on traditional grounds, Lambert contends the waiver is unenforceable on public policy grounds, as discussed in Reyes.

■ Because the Act is a product of the Legislature and was unknown at common law, in our analysis, we review the Act in light of article II, section 1, of the Texas Constitution which provides for the separation of powers of the three branches of government and the general rule that in most instances, the law presumes contracts to be valid. Franklin v. Jackson, 847 S.W.2d 306, 310 (Tex.App.—El Paso 1992, writ denied); Kimbrough v. Fox, 631 S.W.2d 606, 608 (Tex.App.—Fort Worth 1982, no writ). When considering statutes, the courts should take the statutes "as they find them." Republicbank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex.1985); Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); Texas Highway Com'n v. El Paso

*Bldg. & Const. Tr. Coun.,* 149 Tex. 457, 234 S.W.2d 857, 863 (Tex.1950). Also, in *Brazos River Authority v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99, 109 (1962), the Court recognized that courts should not invade the legislative field. More recently, in *Edgewood Independent Sch. Dist. v. Meno,* 917 S.W.2d 717, 726 (Tex.1995), after acknowledging that the Constitution provides for the separation of powers of the executive, legislative, and the judicial branch,[7] the Court concluded that the judiciary does "not dictate to the Legislature how to discharge its duty."

After considering sections 406.002, 406.034(a) and 406.033(d) of the Labor Code, the *Reyes* court concluded that if the plan benefits which required a waiver were not similar to the benefits provided by the Act, then the waiver was void as being contrary to public policy. *Reyes,* 995 S.W.2d at 727–29. The Legislature addressed certain common law defenses to actions brought by employees for work related injuries against non-subscribing employers. § 406.033(a). Specifically, the Act provides that (i) contributory negligence, (ii) assumed risk, or (iii) injury caused by the negligence of a fellow employee are not defenses to an action. However, even though waiver is also a common law defense, *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 223 (Tex.1992), it is not included in the list of prohibited defenses to a common law action for personal injuries brought by an employee.

■ This Court is not permitted to make a new contract between these parties, *Royal Indemnity Company v. Marshall,* 388 S.W.2d 176, 181 (Tex.1965), regardless of whether one or more of the parties contracted wisely or foolishly, or created a hardship for himself. *Wooten Properties, Inc. v. Smith,* 368 S.W.2d 707, 709 (Tex.Civ.App.—El Paso 1963, writ ref'd). Moreover, as the Court held in *Edgewood,* 917 S.W.2d at 726, it is not the responsibility of the courts to judge the wisdom of the policy choices of the Legis-

lature or to impose a different policy. Because the result of holding Lambert's waiver void on public policy grounds would constitute a judicial creation of subsection (4) to section 406.033(a), we are constrained to refrain from invading the legislative field. Although the *Reyes* court recognized that its holding may discourage employers from providing voluntary insurance plans which afford different benefits to injured employees, nevertheless, it became involved in a public policy struggle which the Legislature did not address. Because the Act does not provide that such waivers of rights to sue for personal injuries shall not be available as a defense in section 406.033(a) or elsewhere, taking the Act "as we find it," we decline to hold the waiver void on public policy grounds. Sub-issues A and D are overruled, and resultantly, our consideration of sub-issue C is pretermitted. *See* Tex.R.App.P. 47.1.

■ By sub-issue B, Lambert questions whether a waiver can be enforced if executed as a part of the employment contract. We recognize that section 406.035 provides that an agreement by an employee to waive the employee's right to compensation is void. However, in *Martinez v. IBP, Inc.,* 961 S.W.2d 678, 683 (Tex. App.—Amarillo 1998, writ denied), we held that section 406.035 applies only to employees of a subscribing employer. Moreover, the plan entitled "Affiliated Foods, Inc. Employee Disability Benefit Plan" expressly provides that even though the company pays the entire cost of the benefits, "you are not required to become a Participant in this Plan as a condition of your employment." (Emphasis added). In addition, the fact that the plan is provided only to employees, compels the conclusion that when Lambert signed the election to participate, he had already been hired, subject only to his physical examination and drug screening. Even though Lambert signed the election, he could have revoked his election within three days.

---

7. Tex. Const. art. II, § 1.

Also, because Lambert did not challenge by pleading or otherwise the provision of the plan that his employment was not conditioned upon his participation in the plan, no fact issue exists on whether the waiver was executed as part of his employment contract. We overrule sub-issue B.

Accordingly, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

By their motion for rehearing, appellants Danny Lee Lambert and Teresa Lambert, individually and as next friends of Rusty Lambert and Rebecca Lambert (Lambert), contend this Court erred by affirming the summary judgment that they take nothing against appellee Affiliated Foods, Inc. Remaining convinced that our affirmance of the summary judgment was proper, we overrule Lambert's motion for rehearing with the following additional comments.[1]

 In support of his contention that the waiver or election executed by Lambert of rights to sue Affiliated for common law negligence are unenforceable on grounds of public policy, Lambert points out that after briefs were filed herein and before submission of the case, the Texas Supreme Court denied a petition for discretionary review in *Reyes v. Storage & Processors, Inc.*, 995 S.W.2d 722 (Tex. App.—San Antonio 1999, pet. denied). In addition to the reasons set out in our original opinion, we do not deem *Reyes* controlling or applicable for two reasons.

First, the *Reyes* court concluded that if the employer's plan benefits which re-quired a waiver were not similar to the benefits provided under the Act, then the waiver was void as being contrary to public policy. Following its comparative analysis of the benefits provided by the Act to those provided by the plan, the *Reyes* court held that the waiver signed by the employee was void on public policy grounds. The employer's plan under consideration in *Reyes* did not provide benefits for non-occupational injuries, and benefits were limited to injuries arising from the employer-employee relationship. In contrast, Affiliated's plan provides no-fault coverage for occupational as well as non-occupational injuries to employees who voluntarily elect to participate in the plan.[2] Generally, Affiliated's plan provides short-term disability benefits, long-term disability coverage, accidental death and dismemberment benefits, and life insurance. Thus, for example, if Lambert's injuries had been sustained in an automobile accident while driving to work, he would have been entitled to benefits under Affiliated's plan, but would not have been eligible for benefits under the Act. *Jones v. United States Fire Insurance Company*, 420 S.W.2d 160, 165 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). Unlike the plan in *Reyes*, Affiliated's plan provides benefits for injuries received in addition to those covered by the Act. Thus, the two plans are not capable of comparison as was done in *Reyes*.[3] Therefore, *Reyes* does not apply to a plan which provides broader coverage than required by the Act.

 Second, as Affiliated suggests in its response to the motion for rehearing, the effect of the notation "denied" means

---

1. In our original opinion dated November 16, 1999, we adopted our decision in *Lawrence v. CDB Services, Inc.*, 1 S.W.3d 903 (Tex.App.—Amarillo 1999). Because the opinion dated October 11, 1999 was withdrawn, we adopt and incorporate the opinion on rehearing in *Lawrence v. CDB Services, Inc.*, 16 S.W.3d 35 (Tex.App.—Amarillo 2000).

2. Under the Affiliated plan intoxication or "horseplay" are not defenses to coverage.

3. Comparative analysis of the benefits provided under the Act and those provided by the plan would be subjective depending upon whether the subject accident was work related. Moreover, because of the broader coverage under Affiliated's plan as opposed to limited coverage under the Act, any attempt to make an intelligent comparison would be futile, (*i.e.*, comparing "apples to oranges").

**8**

that *Reyes* is not binding on this Court. *See* Tex.R.App.P. 56.1(b)(1). Even the *Reyes* court agrees that denial of a petition does not necessarily indicate the Supreme Court's approval or even its consideration of the merits of the case. *See Alamo Community College Dist. v. Obayashi*, 980 S.W.2d 745, 749 (Tex.App.—San Antonio 1998, pet. denied). Even if Affiliated's plan was comparable to the employer's plan in *Reyes*, nevertheless this Court is not bound to follow the decision of our sister court. *Mitchell v. John Wiesner, Inc.*, 923 S.W.2d 262, 264 (Tex.App.—Beaumont 1996, no writ).

Accordingly, appellant's motion for rehearing is overruled. We also direct that our original opinion in this cause dated November 16, 1999, and this opinion be designated for publication.