**V. K. HALL et al., Petitioners,**

v.

**VILLARREAL DEVELOPMENT COR-
PORATION, Respondent.**

**No. B–5041.**

Supreme Court of Texas.

April 23, 1975.

Rehearing Denied May 28, 1975.

Wilkins & Wilkins, J. E. Wilkins, McAllen, for petitioners.

Henrichson & Henrichson, E. G. Henrichson, Edinburg, for respondent.

PER CURIAM.

In this suit to recover the balance alleged to be due on a construction contract, the court of civil appeals affirmed the judgment of the trial court in favor of Plaintiff-Respondent, holding that the evidence was factually sufficient to support the trial court's findings of fact. 517 S. W.2d 326. We dismiss the application for writ of error for want of jurisdiction because Petitioners here complain only of matters relating to alleged factual insufficiency of the evidence. The judgment of the court of civil appeals is conclusive on such points, and this Court has no jurisdiction to entertain them. Tex.Const., Art. V, § 6, Vernon's Ann.St.; Hubacek v. Ennis State Bank, 159 Tex. 576, 325 S.W.2d 124 (1959); Long v. Long, 133 Tex. 623, 138 S.W.2d 798 (1939).

Although not complained of in Petitioners' motion for rehearing in the court of civil appeals or in a point of error in this Court, we are compelled to note that the court of civil appeals, 517 S.W.2d at page

329, included incorrect statements concerning the rule applicable to its consideration of factual insufficiency of evidence points, as indicated by its conclusion:

> ". . . We will not disturb the fact findings if there is some evidence of probative force to support them, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him."

For a statement of the proper standard to be used by the court of civil appeals in reviewing the factual sufficiency of the evidence, see In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). See also Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).