INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 399, BEAUMONT, Texas et al, Appellants,

v.

CITY OF BEAUMONT, Appellee.

No. 8562.

Court of Civil Appeals of Texas, Beaumont.

Nov. 26, 1980.

Rehearing Denied Jan. 26, 1981.

Thad Heartfield, Beaumont, for appellants.

Kenneth Wall, City Atty., Beaumont, for appellee.

KEITH, Justice.

Two members of the Firefighters' Local Union and the Local, for themselves and on behalf of all other Beaumont firemen, sued the City to establish their right to additional vacation benefits. The trial court certified the class action but, in a bench trial, denied all relief sought, and the appeal has been perfected.

The electorate of the City of Beaumont, pursuant to the provisions of *Tex.Rev.Civ. Stat.Ann. art. 5154c–1, § 5(b) (Supp.1971– 1979)*, adopted the provisions of the Fire and Police Employee Relations Act ("Act"). Defendant City recognized Local 399 as the collective bargaining agent for the firemen but a dispute between the parties was resolved only after extensive litigation. The parties concluded their litigation with an agreed judgment to which was attached a 14-page collective bargaining contract.

The agreement was incorporated into the judgment by the language quoted in the margin.[1] Article XIV of the contract provided that employees "shall earn 1¼ vacation days for each month of service." A "Complete Agreement Clause" found in Article XXV recited that the parties had bargained collectively on all issues and neither was obligated to bargain further on any issue which might have been "proper subjects of collective bargaining."

While the contract was in effect, the class action suit was filed alleging that City had violated the provisions of *Tex.Rev.Civ.Stat.*

*Ann. art. 1269p, § 3a (Supp.1980)*, applicable to cities of more than 30,000 population, reading:

"Firemen and Policemen shall have the same number of vacation days and the same number of holidays, or days in lieu thereof, that is granted to other municipal employees."

City pleaded the general denial and specially pleaded the bargaining agreement in bar to plaintiffs' suit, alleged estoppel by judgment, and specially averred that in fact the firemen actually received one more holiday than its other employees.

The facts are largely stipulated and after a bench trial plaintiffs were denied any relief. Extensive findings of fact and conclusions of law were filed.

The trial court's conclusions of law are summarized: *No. 4*: The firemen are entitled to the vacation benefits set out in the contract "which supersedes Article 1269p"; *No. 5*: The vacation benefits claim is barred by the terms of the prior judgment; *No. 6*: The plaintiff class is estopped from denying the validity of the labor agreement or the prior judgment; and, *No. 7*: "Members of the plaintiff class have been provided vacation benefits required by Article 1269p and [City] has not violated that statute."

Plaintiffs' fourth point of error challenges the trial court's finding and conclusion that the firemen actually received vacation benefits equal to other city employees. As phrased, the plaintiffs contend that the "evidence conclusively established, as a matter of law, that the firemen are not given the same number of vacation days as are granted to other municipal employees."

In reviewing the factual sufficiency of the evidence to support the trial court's findings of fact we follow the usual rule applicable to the review of jury findings.

1. Paragraph one of the judgment read: "It appearing to the Court that all matters in controversy have been compromised herein and settled in consideration of the collective bargaining agreement executed by and between the Appellee [sic] and Appellant [sic] herein, on the 22nd day of February, 1977, a copy of which is attached hereto as Exhibit 'A' and the terms of which are incorporated herein by reference and made a part hereof as though fully set out herein, it is hereby Ordered, Adjudged and Decreed that judgment in this cause be entered in accordance with and conforming to the terms of said collective bargaining agreement ...."

*Hall v. Villarreal Development Corp.*, 522 S.W.2d 195, 196 (Tex.1975). See *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951), cited in *Hall*, supra.

■ An extensive factual statement would add nothing to our decision; consequently, we simply note that the evidence established that the plaintiff-firemen receive more holiday and vacation time per year than required under *article 1269p*, and work fewer calendar days than other municipal employees. Moreover, under *§ 6 of article 1269p*, the firemen could be required to work an average of 63 hours per week or 3276 hours in a calendar year. Instead, plaintiffs work only an average of 48 hours per week or 2496 hours in a calendar year, less leave time.

The present contention is without merit. The decision in *Coffman v. City of Wichita Falls*, 374 S.W.2d 798 (Tex.Civ.App.—Fort Worth 1964, writ ref'd), is controlling, both factually and legally. Point four is overruled.

■ Plaintiffs contend that the trial court erred in finding that they are now estopped from claiming more vacation time because of the prior judgment and the contract between the parties. We disagree and overrule such point.

■ The pleadings in the prior suit included the issue of vacation time and the contract negotiated by the parties specifically addressed the subject of vacation time. The contract between the parties, after being incorporated into the judgment "is no longer merely a contract between private individuals but is the judgment of the court." *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex.1979), and authorities therein cited.

In *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 362–363 (Tex.1971), the Court held that the rule of collateral estoppel bars relitigation in a subsequent action of fact issues actually litigated and essential to a prior judgment. In the case at bar, the vacation question was actually litigated and is included in the judgment because of its presence in the contract. For a discus-

sion of the several aspects of the doctrine of res judicata, see Z. Steakley and W. Howell, Jr., "Ruminations on Res Judicata", *28 SW. L.J. 355, 368–369 (1974)*.

The rule is stated with simplicity in *Swilley v. McCain*, 374 S.W.2d 871, 874 (Tex. 1964):

"After a question of law or an issue of fact has been litigated and adjudicated in a court of competent jurisdiction, the same matter cannot be relitigated in a subsequent suit between the same parties or those in privity with them."

Plaintiffs may not prevail in their action unless it is shown that the contract embodied in the earlier judgment is invalid. Plaintiffs attempt to make such a showing by contending that the labor contract cannot supersede the statute, as found by the trial court, and that the vacation provision in the contract conflicts with the statute.

The latter contention, being factual in nature, is without merit under our disposition of the fourth point of error and the *Coffman Case* cited thereunder. The law question still remaining is not as susceptible to a simple answer. Plaintiffs' primary reliance is upon *Morrison v. City of Fort Worth*, 138 Tex. 10, 155 S.W.2d 908, 909 (1941), holding that a public officer may not estop himself from claiming his statutory salary by accepting less than that provided by law.

As noted earlier, plaintiffs have not made the necessary factual showing to invoke this rule; but, since the trial court concluded that the contract superseded the requirement of *article 1269p*, we will address the question.

■ It is provided in *Section 20(a)* of the Act (*article 5154c–1*) that it "shall supersede all conflicting provisions in previous statutes concerning this subject matter . . . ." *Sections 5(a)* and *7(b)* of the Act impose upon the parties the duty and obligation to bargain in good faith with reference to "wages, hours, and other terms and conditions of employment." Counsel for the City points to almost identical language found in the Labor-Management Relations Act, *29 U.S.C. § 158(d)* and *§ 159(a)*, relat-

ing to bargaining under that Act. And, of course, it has long been the rule that vacation time is a legitimate subject for collective bargaining under L.M.R.A. See Annotation, "Subjects of Collective Bargaining", *12 A.L.R.2d 265, 271 (1950).*

Unquestionably, *article 1269p* is a statute of general application which provides that firemen shall receive the same holiday and vacation time as other city employees; and, it contains no provision for its modification by agreement. On the other hand, the comprehensive Fire and Police Employee Relations Act covers not only vacations but all other conditions of employment. More importantly, it provides for the avoidance of conflicts with statutes of limited application by the language from *Section 20(a)* quoted above. See generally, C. Morris, "Public Employee Bargaining in Texas", *13 Hous.L. Rev. 291, 294 (1976).*

The trial court correctly held, under the facts of this case, that the provisions of the Fire and Police Employee Relations Act controlled over any conflicting provisions in *article 1269p.* Plaintiffs' first point of error is overruled.

We see no necessity of addressing plaintiffs' fifth point involving the question of limitations. From our review of the entire case, we find no error. Consequently, the judgment of the trial court is AFFIRMED.