**Benjamin B. OKON and Simon Okon, Appellants,**

v.

**Reuben LEVY and Ruth Levy, Appellees.**

**No. 20478.**

Court of Civil Appeals of Texas, Dallas.

Jan. 30, 1981.

Rehearing Denied March 6, 1981.

Harold B. Berman, Douglas E. Yeager, Berman, Fichtner & Mitchell, Dallas, for appellants.

Barbara M. G. Lynn, Robert H. Mow, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is a suit for declaratory judgment and specific performance of a contract under which the Okons were to buy and the Levys were to sell an interest in real property. Trial before the court resulted in a judgment from which both the Okons and the Levys appeal. The Okons argue that the trial court erred in failing to allow them a greater offset against the purchase price of the property for improvements which they have made and the Levys argue that the trial court erred in allowing the Okons any offset against the purchase price of the property for improvements. The Okons also contend that the trial court erred in awarding post-judgment interest on the purchase price while the Levys argue that the trial court erred in failing to award them pre-judgment interest on the purchase price. Additionally, the Levys complain of the trial court's proration of taxes and of the failure to award them attorney fees. We reverse the judgment of the trial court and render judgment with respect to attorney fees, but affirm the judgment of the trial court in all other respects.

At the time of trial, the Okons owned an 84% undivided interest in the property, were in possession of the property, and had made certain improvements to the property. The Levys owned an undivided 16% interest in the property, and it is that interest which was sold under the contract which is the subject of the suit. The contract provides that upon sale of the property the Okons are to be reimbursed for the depreciated cost of improvements made upon the property as carried on the books of Okon's Iron & Metal Company.

The Levys argue that the Okons are entitled to no reimbursement for improvements because at the designated time and place for closing the contract the Okons were not prepared to claim and prove the depreciated cost of any improvements. The trial court found that the Okons had not calculated and did not present any claim for deductions for improvements. The trial court concluded, however, that the failure of the Okons to present their claim at closing did not prevent them from claiming such deductions in this action for specific performance. We agree.

The remedy of specific performance is equitable in nature and is subject to the principles of equity. It is a familiar rule of equity that "He who seeks equity must do equity." We are of the opinion that it would be fundamentally unfair to

allow the Levys specific performance of this contract and not to allow the Okons an offset for the depreciated cost of improvements as contemplated by the contract. The trial court's findings of fact reveal that, in varying degrees, both the Levys and the Okons were responsible for the failure to close. Both the Levys and the Okons seek to proceed under the contract and both want specific performance of the contract. Since the contract provides for the offset, the trial court, in the exercise of its equitable jurisdiction, properly allowed an offset for improvements proved in the trial court.

As to the improvements the trial court found that there were "as of September 25, 1979, two improvements, having a total depreciated cost of $15,588.70." The two improvements found by the trial court were a railroad track and a building. No other improvements were found. The Okons argue that there is no evidence or factually insufficient evidence to support this finding of no other improvements by the Okons. We do not agree.

In reviewing the legal or factual sufficiency of the evidence supporting a trial court's findings of fact, we apply the same standard as is applied by a court reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Hall v. Villarreal Development Corp.*, 522 S.W.2d 195 (Tex.1975). In considering a "no evidence" point we look only to the evidence favorable to the verdict to determine whether there is any evidence to support the finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In reviewing an "insufficiency" point we consider and weigh all of the evidence in the case and, if we find that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, set aside the judgment and remand the case for a new trial. *In re King's Estate, supra.*

The Okons argue that the great weight and preponderance of the evidence shows that there were improvements other than the railroad track and the building.

We cannot say that as a matter of law the Okons established that such other improvements existed. The parties defined the term *improvements* in their contract as "structures and other enhancements permanently affixed to the real property . . . ." Mr. Levy testified that "a week or so" before trial he saw certain structures that had not been on the property in 1961. The Okons introduced four photographs of certain structures and introduced lists of assets and each asset's depreciated cost. Several witnesses testified "that there was some concrete involved with a structure." Viewing the evidence in the light most favorable to the challenged finding, and disregarding inferences to the contrary, we cannot say that the Okons established conclusively the existence of any structure or other enhancement permanently affixed to the real property other than the railroad track and building, for which an offset was allowed. Neither can we say that the finding that these were the only improvements for which an offset was proper is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The Levys argue that there is no evidence or insufficient evidence to support the trial court's finding of these two improvements. As indicated above, we have reviewed the record, and viewing the evidence in the light most favorable to the finding and disregarding the inferences to the contrary, we cannot say that there is no evidence to support the finding. Neither can we say that this finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The Levys next argue that, assuming there is evidence of the existence of improvements, there is no evidence or insufficient evidence of the *cost* of these improvements. The Okons introduced plaintiffs' exhibit 20, the Okon's Iron & Metal Company depreciation schedule for the year ending December 31, 1978, to prove the depreciation cost of the railroad track and the building as carried on the books and records of Okon's Iron & Metal Company. The trial court admitted the exhibit over the objec-

tion of the Levys that it was not admissible because it is a summary and the underlying records were not shown to be admissible. The underlying records are inadmissible, the Levys argue, because they are hearsay and the statutory predicate for admission of business records was not satisfied. We do not agree with the Levys' analysis of the admissibility of plaintiffs' exhibit 20.

The exhibit is not subject to the objection that as a summary it is not the best evidence of the underlying records. The rule of evidence dealing with admission of summaries applies to summaries that are secondary evidence. *Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex.1976). In this case the testimony shows that plaintiffs' exhibit 20 is an actual book or record and, as such, it is primary evidence of the depreciated cost of the improvements as carried on the books or records of Okon's Iron & Metal Company because the parties agreed that the value of the improvements should be determined by those records. Merely because a writing summarizes a number of transactions does not make the writing inadmissible if it is identified as the writing by which the parties have agreed to be bound. We conclude that the exhibit is sufficiently identified. Mr. Okon testified, and there is no evidence to the contrary, that plaintiffs' exhibit 20 is a book and record of Okon's Iron & Metal Company. The Levys argue in support of their hearsay objection that this "recitation" does not satisfy the statutory predicate for the admission of business records. In this case, however, it was not necessary to satisfy the statutory predicate concerning the manner in which the record was kept because the exhibit is admissible as a document referred to in the contract as determining the offsets to be allowed. *Cunningham v. R. W. McPherson & Associates, Inc.*, 392 S.W.2d 145 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.). Plaintiffs' exhibit 20 is not hearsay because it was not introduced to prove the truth of the matter asserted. The exhibit was introduced, not to prove that *in fact* the assets listed have a depreciated cost as thereon asserted, but rather to show that *as carried on the books and records of Okon's Iron & Metal Company*, which the parties agreed on as determining the offsets, the assets have the asserted depreciated cost. This evidence was proof of what the contract of the parties was and thus, was a necessary part of the cause of action. Professor Ray characterizes evidence of this sort as part of the "operative" facts, or part of the "ultimate issue" and concludes that "if evidence of such utterance or writing be given by one who testifies to it as a matter of personal knowledge, it is obviously not hearsay." 1A Ray, Law of Evidence, § 795, p. 40 (3rd ed.).

The Levys next argue that the trial court erred in failing to award them pre-judgment interest on the purchase price. We do not agree. The Texas Supreme Court has stated:

> Prejudgment interest is that interest calculated on the sum payable to the plaintiff from the time of his loss or injury to the time of judgment. It is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date prior to judgment.

*Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109, 116 (Tex.1978). In this case the Levys were not clearly entitled to a specific sum of money at the time set for the closing. The amount actually due was not determined before the date of the judgment. The Okons were prepared to pay a maximum of $48,000 at closing, and the Levys expected to receive substantially more than that amount. The evidence supports the trial court's finding that to a certain extent both parties were at fault for the failure to close. In particular the failure to close was due to the inability of the parties to agree upon what amount was payable under the contract.

Although they tendered a deed at the attempted closing, the Okons did not accept it, and the Levys did not convey the property to the Okons. The Levys were co-tenants with the Okons and continued to own their undivided interest in the property

even though the Okons were in actual possession of the property. In an action for specific performance where the seller retains his interest in the property until judgment, he is not entitled to pre-judgment interest. *Copeland v. Bennett*, 243 S.W.2d 264 (Tex.Civ.App.—El Paso 1951, no writ); *Crossland v. Hart*, 234 S.W. 558 (Tex.Civ. App.—Beaumont 1921, no writ).

The Okons argue that for essentially the same reasons that the trial court did not err in failing to award pre-judgment interest it did err in awarding post-judgment interest. We do not agree. Article 5069–1.05 of the Texas Revised Civil Statutes (Pamp.Supp.1980) requires that all judgments of the court of the State of Texas bear interest at the rate of nine percent per annum. *See Carter v. McHaney*, 373 S.W.2d 82 (Tex.Civ.App.—Corpus Christi 1963, no writ). We hold that this statute requires payment of interest on the amount of compensation payable under a decree of specific performance.

Paragraph 6 of the offer that was accepted by the Okons provides that "ad valorem taxes for the then current year shall be prorated at the Closing effective as of the Closing date." The trial court found that this provision made the Levys responsible for 16% of the taxes levied on the property from January 1 of the closing year until the date of closing. The Levys complain that the trial court's interpretation of the contractual provision for proration of taxes is erroneous because the lease agreement under which the Okons held possession of the property until July 31, 1979, provided that the Okons were responsible for all taxes. The provision of the lease, however, is not controlling. The basis for a decree of specific performance must be the agreement of the parties. *Lone Star Salt Co. v. Texas Short Line Ry. Co.*, 99 Tex. 434, 90 S.W. 863 (1906). In this case the contract rather than the lease agreement imposes liability for taxes prorated to the date of closing.

The Levys argue that the trial court erred in failing to award them attor-

ney fees. The Okons respond that the trial court did not abuse its discretion in refusing to award the fees. The cases cited by the Okons, *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd) and the *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n. r. e.), are not in point. *Zaruba* deals with the court's equitable power to award a reasonable attorney fee in a divorce case. *Espinoza* concerns the trial court's discretion as to the amount of the fee awarded. In this case there is no argument as to *amount.* The Levys argue that the trial court's refusal to award them the attorney fees they were entitled to under Tex.Rev.Civ.Stat. Ann. art. 2226 (Supp.1980) was error. We agree. Article 2226 leaves the court no discretion in awarding attorney fees to the successful party in "suits founded on oral or written contracts." *Davidson v. Suber*, 553 S.W.2d 430 (Tex.Civ.App.—Austin 1977, no writ).

In this case the recovery of the real property is not in controversy. The only dispute is how much payment the Okons are to make and the Levys are to receive for the conveyance of the property. Although the Levys did not recover the full amount of payment they had demanded at closing, they were successful in recovering more than the Okons were willing to pay. Since a demand was made under article 2226, the Levys are entitled to receive reasonable attorney fees. *Findlay v. Cave*, 611 S.W.2d 57 (Tex.1981). Since the trial court found what a reasonable fee would be for the Levys' attorney, but refused to award them that amount, we reverse the judgment of the trial court in that respect and render judgment that the Levys are entitled to attorney's fees as found by the trial court.

The trial court taxed the costs equally against both the Okons and the Levys. As their final point of error the Levys argue that the trial court erred in failing to tax against the Okons all costs incurred. The Levys rely on rule 131 which provides "The successful party to a suit shall recover of his adversary all costs in-

curred therein, except where otherwise provided." The Okons respond by arguing that the Levys cannot be considered the successful party in the suit because the Levys are appealing from the entire judgment. We overrule this contention because neither party was wholly successful—the Levys expected to receive more and the Okons expected to pay less.

Rule 141 allows the court to adjudge the costs otherwise than as provided in the Texas Rules of Civil Procedure or by law if such adjudication is for good cause and the good cause if stated in the record. In this case one of the trial court's findings of fact states in part: "Based on the facts, the relief sought by all parties, and the equitable nature of this proceeding, any relief, other than the foregoing, should be denied, ...." We are of the opinion that this finding of fact states good cause, *Walling v. Kinnard*, 10 Tex. 508 (1853), and that the trial court did not err in assessing costs as it did.

Affirmed in part; reversed and rendered in part.