martinetsaddendum 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN


 


 



ON MOTION FOR REHEARING


 




NO. 3-93-193-CR



ALVIN MARTINETS,



 APPELLANT

vs.



THE STATE OF TEXAS,



 APPELLEE

 


FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 35,751, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 



 

 Appellant files a motion for rehearing and asserts as his sole point of error that this
Court failed to consider the factual as well as the legal sufficiency of the evidence on appeal. 
Appellant argues that a court should consider both legal and factual sufficiency points of error
when a "global" sufficiency of the evidence point is raised. We will overrule the motion for
rehearing.

 A court must review the legal sufficiency of the evidence in order to meet the
minimum due process requirements of the Fourteenth Amendment to the U.S. Constitution. 
Jackson v. Virginia, 443 U.S. 307, 320 n.12 (1979). Factual sufficiency review is a stricter
standard of review than that set out in Jackson and is permitted to the courts of appeals by the
Texas Constitution, Art. V, § 6. See Stone v. State, 823 S.W.2d 375, 377-80 (Tex. App.--Austin
1992, pet. ref'd, untimely filed). Attorneys, when briefing constitutional questions, should
carefully separate federal and state issues and provide substantive analysis or argument on each. 
If sufficient distinction between state and federal constitutional grounds of review is not provided,
courts may overrule the ground as multifarious. McCambridge v. State, 712 S.W.2d 499, 501
n.9 (Tex. Crim. App. 1986). Texas Rule of Appellate Procedure 74(d) also requires distinct
points of error when filing an appellate brief. By combining more than one contention in a single
point of error, an appellant risks rejection on the grounds that nothing will be presented for
review. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). 

 This Court has made clear that "global" sufficiency points of error embrace legal
and factual sufficiency only in civil cases. Stone, 823 S.W.2d at 377 n.2. Moreover, even in
civil cases, legal and factual sufficiency points of error may be combined only if the record
references and the argument made under that point sufficiently direct the court's attention to the
nature of the complaint regarding each relevant issue, finding, or legal conclusion. Tex. R. App.
P. 74(d).

 In his original appeal, appellant urged us to examine the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could have found the
appellant guilty of all elements of the offense beyond a reasonable doubt. Appellant's Brief at 5
(citing Jackson, 443 U.S. at 307). This is the standard of review for legal sufficiency of the
evidence. Nowhere in his original brief did appellant request review of the evidence for factual
sufficiency, mention the standard for factual sufficiency review, or cite to cases involving factual
sufficiency review. In short, appellant did nothing to direct our attention to the error about which
he now complains. 

 Nevertheless, we have examined the evidence under the factual sufficiency standard
of Stone. A judge's findings of fact are reviewable for legal and factual sufficiency of the
evidence by the same standards used to review jury findings. Okon v. Levy, 612 S.W.2d 938, 941
(Tex. App.--Dallas 1981, writ ref'd n.r.e.) (citing Hall v. Villareal Dev. Corp., 522 S.W.2d 195
(Tex. 1975)). When conducting a factual sufficiency review, we do not review the evidence in
the light most favorable to the verdict. Instead, we consider all the evidence equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State,
836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.) We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Stone, 823 S.W.2d at 381. 

 Appellant was the driver of the car in which the contraband was found. The
marihuana and rolling papers found in the closed ashtray were conveniently accessible to
appellant. There was an odor of marihuana in the vehicle. We thus hold that the trial court's
finding that the appellant was sufficiently linked to the marihuana found in the car was not so
contrary to the overwhelming weight of evidence as to be clearly wrong and unjust.



 CONCLUSION


 In his original brief, appellant raised and argued only a legal sufficiency point of
error. This Court properly applied only a legal sufficiency review in affirming appellant's
conviction. Even if a factual sufficiency point of error had been presented for review, we would
affirm the conviction. We therefore overrule the motion for rehearing.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Overruled

Filed: September 28, 1994

Publish