baker v. ray 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00640-CV







Bryan D. Baker, Appellant



v.



Thomas M. Ray and Deborah W. Ray, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 93-11782, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING







 Appellees Thomas M. Ray and Deborah W. Ray instituted this suit against Bryan
D. Baker for the cost of repairs to the roof of the house Baker constructed for them. The Rays
sued for breach of contract, negligence, and breach of implied warranty. Following a bench trial,
the trial court rendered judgment for the Rays on all three causes of action and awarded $39,000
in actual damages. The trial court also awarded the Rays attorney's fees of $12,000 and rendered
judgment that Baker take nothing on his counterclaim against the Rays for breach of an escrow
agreement between the parties. (1)
 We will affirm the trial court's judgment.


FACTS



 On May 19, 1993, the Rays entered into an earnest money agreement to purchase
a house constructed by Baker. The contract provided that Baker would complete construction of
the house by August 1, 1993, and sell the property together with all improvements to the Rays
for $445,400. Baker was unable to complete construction of the house due to financial
difficulties. Upon Baker's request, the Rays agreed to extend the time for completion of
construction to August 31, 1993. The Rays subsequently agreed to a second extension of time to
October 1, 1993. After Baker notified the Rays that he was again unable to complete the house,
the Rays filed suit for specific performance on October 1, 1993. 

 On December 6, 1993, the parties entered into an interim agreement which
provided that Baker would complete the house by January 15, 1994 and that closing would occur
by January 17, 1994. Baker obtained a loan and managed to complete construction of the house. 
However, the actual closing did not occur until February 4, 1994; Baker paid the Rays $14,000
in liquidated damages for the delay.

 On February 2, 1994, two days before the closing, the Rays learned from a pre-closing inspection that the roof on the house was substantially defective. Roof consultant Don
Putnam estimated in his report that the necessary repairs would cost approximately $20,000. The
parties closed on the house on February 4, 1994 and entered into a separate agreement, placing
$40,000 in escrow for the roof repairs. The parties agreed to retain consultants who would
examine the roof and develop a mutually acceptable plan for its repair. The parties then were to
select a mutually acceptable contractor to perform the repairs. At the end of the sixty- day period,
the agreement anticipated that the roof would be repaired, with the escrow funds used to pay for
the work. 

 The Rays selected Don Putnam as their roofing consultant. When Baker failed to
retain a consultant by February 9, the Rays, on the advice of Baker's first lawyer, hired a roofing
contractor to look at the roof and prepare a bid. Dean Contracting bid the job at $32,894. Upon
a second visit to the roof in April, however, Dean Contracting increased the original bid to
$39,894 to address a drainage problem that had developed and had been subsequently discovered.

 Baker eventually retained Law Engineering as his consultant. However, when
Putnam and Law Engineering could not reach an agreement on the scope and cost of the repairs,
the parties agreed to find a mutually acceptable contractor to bid directly on the job. The Rays
provided Baker a list of five roofing contractors. Baker, on the advice of Law Engineering,
categorically rejected all five contractors because they were "commercial contractors." Baker
testified that he rejected the proposed contractors even though he had not actually seen the list. 
The Rays then agreed to use a contractor of Baker's choosing. Baker made a recommendation,
but when the Rays contacted Baker's contractor, he indicated that he no longer wished to get
involved with the job after speaking with Law Engineering. When the repairs remained
unfinished after expiration of the sixty-day period, the Rays amended their petition to add their
claims for construction defects.



DISCUSSION


I. Sufficiency of the Evidence

 Before addressing Baker's general challenge to the factual sufficiency of the
evidence, we will briefly address his fourth point of error, in which Baker complains that the trial
court erred in admitting the testimony of Tim Mauel regarding the professional reputation of
Baker's expert, roofing contractor Rick Ackerman. Baker asserts that under Texas Rule of Civil
Evidence 608, reputation evidence may refer only to a witness's character for truthfulness or
untruthfulness and that such evidence is admissible only after the character of the witness has been
attacked. Tex. R. Civ. Evid. 608. Although a party may attack the credibility of a witness only
by opinion or reputation evidence for truthfulness under Rule 608, the party has a right to respond
once other character traits of the witness are placed in issue. Eoff v. Hal & Charlie Peterson
Found., 811 S.W.2d 187, 197 (Tex. App.--San Antonio 1991, no writ). Baker attempted to
bolster Ackerman's reputation on direct examination by eliciting references who would vouch for
Ackerman's work. Additionally, Baker initiated examination about the reputations of the Rays'
expert contractors, thereby opening the door for the Rays' proffering similar testimony through
Mauel. Finally, any error in admitting the testimony was harmless in light of the presumption that
a trial judge sitting as fact finder disregards any improperly admitted evidence. Gillespie v.
Gillespie, 644 S.W.2d 449, 450 (Tex. 1982). Baker's fourth point of error is overruled.

 In his first point of error, Baker contends that there was insufficient evidence to
support the trial court's award of $39,000 to repair the roof. (2) Specifically, Baker contends that
no basis exists for the increase in the Dean Contracting bid from $32,894 to $39,894 because of
insufficient evidence that the original drain system was inadequate. (3)

 We attach to findings of fact the same weight that we attach to a jury's verdict upon
jury questions and review those findings for legal and factual sufficiency of the evidence by the
same standards used to review jury findings. Okon v. Levy, 612 S.W.2d 938, 941 (Tex.
App.--Dallas 1981, writ ref'd n.r.e.) (citing Hall v. Villarreal Dev. Corp., 522 S.W.2d 195, 196
(Tex. 1975)); City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex. Civ.
App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). When challenging the factual sufficiency of
the evidence supporting an adverse finding upon which it did not carry the burden of proof, an
appellant must demonstrate that there is insufficient evidence to support the adverse finding. Raw
Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275-76 (Tex. App.--Amarillo
1988, writ denied). We will consider and weigh all the evidence in support of and contrary to the
finding. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We will uphold
the contested finding unless we find that (1) the evidence is too weak to support the finding, or
(2) the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. 
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

 The trial court found that $39,894 was the "reasonable and necessary cost to repair
the roof." This finding finds adequate support in the evidence. Both Don Putnam and Dale
Kimble, Dean Contracting's representative, testified that the drain design change which led Dean
Contracting to increase its bid by $7,000 was reasonable and necessary in order to eliminate seven
leaks in the drainage system Baker installed. Kimble testified that these leaks became apparent
in the time between his initial inspection of the roof in February and his second visit in April. 
Both Putnam and Mr. Ray testified to the presence of the seven leaks. Even Baker's expert
testified that the metal guttering system Baker installed was a problem. Furthermore, Baker
himself agreed that "we definitely have to address the guttering problem since I've been made
aware of it." Baker's first point of error is overruled.



II. Texas Property Code, Chapter 27

 By points of error two and three, Baker complains that the Rays failed to comply
with the notice and attorney's fees provisions of Chapter 27 of the Texas Property Code. Tex.
Prop. Code Ann. §§ 27.001-.006 (West Supp. 1995). Chapter 27 governs actions to recover
damages resulting from residential construction defects. Id. § 27.002. 

 In his second point of error, Baker complains that the trial court erred in not
abating or dismissing this cause because the Rays failed to provide the pre-suit notice that section
27.004(a) requires. Section 27.004 provides:



(a) Before the 60th day preceding the date a claimant seeking from a contractor
damages arising from a construction defect files suit, the claimant shall give
written notice by certified mail, return receipt requested, to the contractor, at the
contractor's last known address, specifying in reasonable detail the construction
defects that are the subject of the complaint. During the 35-day period after the
date the contractor receives the notice, and on the contractor's written request, the
contractor shall be given a reasonable opportunity to inspect and have inspected the
property that is the subject of the complaint to determine the nature and cause of
the defect and the nature and extent of the repairs necessary to remedy the defect. 
The contractor may take reasonable steps to document the defect.



Id. § 27.004(a).

 Baker argues that the escrow agreement, the pre-closing roof inspection report, and
the two bids from Dean Contracting detailing the necessary repairs all fail to satisfy this notice
requirement, and, therefore, the cause should be remanded for a new trial with instructions to
abate for sixty days. Baker does not deny that he received notice, but instead bases his complaint
on the form of the notice. Because he received the pre-closing report and the two Dean
Contracting bids via fax, not by certified mail, he claims the notice was deficient. However,
Baker never brought this alleged defect to the attention of the trial court and raises this complaint
for the first time on appeal.

 Baker contends that his failure to raise the notice issue is irrelevant because the
Rays had an affirmative duty to show they provided proper notice under the statute. See HOW
Ins. Co. v. Patriot Fin. Servs., 786 S.W.2d 533, 537 (Tex. App.--Austin 1990, writ denied) (under
the Texas Deceptive Trade Practices Act--Consumer Protection Act ("DTPA"), notice must be in
writing and must meet the specific requirements of the statute). (4) In HOW Insurance we held that
the burden of pleading and proving compliance with the statutory notice requirement is on the
party seeking recovery. Id. Furthermore, Baker contends that when a defendant specifically
denies notice, the plaintiff must prove that notice was given. Automobile Ins. Co. v. Davila, 805
S.W.2d 897, 902 (Tex. App.--Corpus Christi 1991, writ denied). Baker argues that the Rays
failed to plead and prove that they provided statutory notice, and that he raised the issue before
the court to no avail. 


 Relying on the supreme court's opinion in Hines v. Hash, 843 S.W.2d 464 (Tex.
1992), we hold that Baker waived the notice requirement under section 27.004(a) by failing to
request an abatement before trial. In Hines, the supreme court expressly overruled HOW
Insurance and Davila and set out the procedure a defendant must follow when alleging
noncompliance with the DTPA notice requirement. Id. at 469. In Hines, the supreme court held
that abatement for the statutory period is warranted only if the defendant timely requests it "with
the filing of the answer or very soon thereafter." Id. at 469. Otherwise, the defendant's failure
to timely request abatement waives its objection. Id. (5) 

 The supreme court's considerations in fashioning a remedy for DTPA notice
compliance bear equally on notice compliance under the Property Code. (6) Baker first raised lack
of notice as an affirmative defense in his amended answer filed seven days before trial. Not only
did Baker fail to request an abatement before trial, he waited until closing argument to raise the
issue. Moreover, Baker never raised the specific defect which he alleges on appeal: that the
notice was not sent by certified mail.

 More significant still, Baker's situation is distinguishable from the cases he cites
because he received actual notice of the defects more than sixty days before the Rays filed their
defective construction claims. Baker entered into an escrow agreement with the Rays to cure the
defects. It was Baker who failed to fulfill the terms of the agreement by waiting until almost a
week before trial to retain a contractor to bid for the repairs on his behalf. As the trial court
noted, Baker failed to produce "a single serious bid." The escrow agreement allowed Baker the
opportunity to repair the defects and provided the parties with the opportunity to reach a
settlement. The escrow agreement therefore fulfilled the purposes of section 27.004(a). We
overrule Baker's second point of error.

 In his third point of error, Baker complains that the trial court erred in awarding
attorney's fees to the Rays because the Rays' refusal to allow Baker a reasonable opportunity to
fix the roof himself precludes the award of attorney's fees under Property Code section 27.004(d):



If a claimant unreasonably rejects an offer made . . . or does not permit the
contractor or independent contractor a reasonable opportunity to repair the defect
pursuant to an accepted offer of settlement, the claimant may not recover an
amount in excess of the reasonable cost of the repairs which are necessary to cure
the construction defect and which are the responsibility of the contractor and may
recover only the amount of reasonable and necessary attorney's fees and costs
incurred before the offer was rejected or considered rejected.



Tex. Prop. Code Ann. § 27.004(d) (West Supp. 1995) (emphasis added). Section 27.004(d)
clearly contemplates repair by the contractor or an independent contractor at the contractor's
expense. Here, the parties' escrow agreement provided for repairs by an independent contractor. 
The trial court did not err in awarding attorney's fees to the Rays. Baker's third point of error
is overruled.


 The trial court's judgment is affirmed. 



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1. Baker does not challenge this take-nothing judgment on appeal.

2. Although Baker fails to indicate in his brief whether he challenges the legal or factual
sufficiency of the evidence, he prayed only for a reversal of the judgment and a remand of the
cause for new trial. At oral argument he also explained that he contests the evidence on
grounds of factual sufficiency.
3.   Throughout his brief, Baker addresses his arguments to issues generally rather than to
specific findings of the trial court. Therefore, we will review those findings that we believe
form the basis of the trial court's conclusions. See Tex. R. App. P. 74(d). 
4.   Both parties rely on case law interpreting the notice provisions of the DTPA. See Tex.
Bus. & Com. Code Ann. § 17.505(a) (West Supp. 1995). Because the Texas legislature
passed Chapter 27 of the Property Code as a companion to the 1989 DTPA reform law, we
believe the analogy is apt. See John T. Montford, Will G. Barber & Robert L. Duncan, 1989
DTPA Reform: Closing the DTPA Loophole in the 1987 Tort Reform Laws and the Ongoing
Quest for Fairer DTPA Laws, 21 St. Mary's L.J. 525, 574 (1990). 
5.   Other courts have held that merely filing a plea in abatement, without presentment to the
trial court and an offer of supporting evidence, also constitutes waiver. Henry S. Miller Co. v.
Bynum, 797 S.W.2d 51, 57 (Tex. App.--Houston [1st Dist.] 1990), aff'd, 836 S.W.2d 160
(Tex. 1992). See generally Eric G. Behrens, Streamlining the Requirements for Statutory
Notice for Contract and DTPA Claims in the Wake of Hines v. Hash, 25 St. Mary's L.J. 675,
680-81 (1994).
6.   The supreme court reasoned that the purpose of the notice requirement is to encourage
pre-suit negotiations, thereby avoiding unnecessary, expensive litigation. Hines, 843 S.W.2d
at 468. Abatement of the case serves this purpose only if properly requested.