May 7, 2008

The Honorable Joe Driver
Chair, Committee on Law Enforcement
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0625

Re: Authority of a Type A general-law city to permit employee payroll deduction as part of a collective bargaining agreement (RQ-0647-GA)

Dear Representative Driver:

You explain that the City of Balcones Heights ("City"), a Type A general-law city with a population below 10,000, "has entered into a collective bargaining agreement with its police officers['] association" and that "[t]he agreement provides that the city will payroll deduct dues for members of the police officers['] association."[1] We assume, based on arguments set out in your request letter, that this agreement was made pursuant to the Fire and Police Employee Relations Act ("FPERA"), codified at chapter 174, Local Government Code. Request Letter, *supra* note 1, at 1.[2] You indicate that "[t]he [C]ity is concerned that it cannot legally payroll deduct [association] dues, since Local [Government] Code section 141.008, which gives permission to cities over 10,000 to do payroll deductions, does not apply" to the City. *Id.*; *see* UNITED STATES CENSUS BUREAU, 2000 CENSUS OF POPULATION: POPULATION FINDER (population of Balcones Heights, Texas is 3,016), *available at* http://www.factfinder.census.gov/) (last visited May 5, 2008). Accordingly, you ask whether "a general law city, with a population below 10,000, [may] lawfully provide payroll deduction [of association dues] for its employees when the city has entered into a collective bargaining contract that provides for payroll deduction[.]" Request Letter, *supra* note 1, at 1.

A general-law municipality possesses those powers and privileges expressly conferred upon it by state law or necessarily implied therefrom. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146

---

[1]*See* Letter from Honorable Joe Driver, Chair, Committee on Law Enforcement, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Nov. 9, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*Accord* Brief from Michael L. Rickman, Senior Attorney, Combined Law Enforcement Associations of Texas, to Nancy S. Fuller, Chair, Opinion Committee, Office of Attorney General, at 3 (Jan. 31, 2008) ("The citizens of Balcones Heights voted to give the police officers the right to bargain for benefits and privileges granted in Chapter 174.001 et. seq., Texas Local Government Code."). The brief also explains that the "[C]ity and its fire and police employees were never covered by Chapter 143" of the Texas Local Government Code, which provides for a municipal civil service system. *Id.* at 4.

S.W.3d 637, 645 (Tex. 2004); *City of West Lake Hills v. Westwood Legal Def. Fund*, 598 S.W.2d 681, 683 (Tex. Civ. App.—Waco 1980, no writ); Tex. Att'y Gen. Op. No. GA-0084 (2003) at 8. "[A] power will be implied only when such power is reasonably incident to those expressly granted or is essential to the object and purposes of the corporation." *Westwood Legal Def. Fund*, 598 S.W.2d at 683.

As you point out, section 141.008, Local Government Code, expressly provides that "[t]he governing body of a municipality with a population of more than 10,000 may deduct from a municipal employee's monthly salary or wages an amount requested in writing by the employee in payment of membership dues to a bona fide employee's association named by the employee." TEX. LOC. GOV'T CODE ANN. § 141.008(a) (Vernon 2008). We find no express authority or express prohibition in state law for a municipality with a population of 10,000 or fewer to provide the type of payroll deductions you ask about. We consider then whether a general-law municipality with a population of 10,000 or fewer that is operating under the FPERA has implied authority to provide payroll deductions for association dues.

We begin the search for implied authority under the FPERA by examining a city's duties under the Act. Section 174.105 of the FPERA provides that when police officers are represented by an association, "the public employer and the association shall bargain collectively." *Id.* § 174.105(a). "[T]he duty to bargain collectively means a public employer and an association shall[, among other things,] confer in good faith regarding compensation, hours, and other conditions of employment." *Id.* § 174.105(b)(2).

The terms "compensation, hours, and other conditions of employment" are not defined in the FPERA, and we find no Texas case that addresses whether payroll deductions like those at issue here are encompassed within these terms. But the Corpus Christi Court of Appeals has explained that

> [t]he statutory duty imposed by the FPERA is the same duty imposed by the National Labor Relations Act (NLRA) on private sector employers and labor units. The subjects included within these categories are referred to as mandatory subjects of bargaining preventing either the employer or the employee from taking unilateral action on the subject.[3]

*Corpus Christi Fire Fighters Ass'n v. City of Corpus Christi*, 10 S.W.3d 723, 726 (Tex. App.—Corpus Christi 1999, pet. denied) (citation omitted) (footnote added). In other words, "compensation, hours, and other conditions of employment" are mandatory subjects of bargaining under the FPERA, just as they are under the NLRA. *See id.*; TEX. LOC. GOV'T CODE ANN. § 174.105(b)(2) (Vernon 2008).

---

[3]*See Nat'l Labor Relations Bd. v. BASF Wyandotte Corp.*, 798 F.2d 849, 852–53 (5th Cir. 1986) (explaining the three general categories of subjects of bargaining under the NLRA: (1) mandatory subjects of bargaining; (2) permissive subjects of bargaining; and (3) illegal subjects of bargaining).

The determination of whether a particular item falls within these three broad subject areas can be difficult. "With respect to the limitations on what should be considered mandatory subjects of bargaining [under the NLRA], the Court has stated in broad terms that 'the limitation includes only issues that settle an aspect of the relationship between the employer and the employees.'" *Corpus Christi Fire Fighters Ass'n*, 10 S.W.3d at 726 (quoting *Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co., Chem. Div.*, 404 U.S. 157, 178 (1971)).

"Under state employment laws related to public employees, a recognized limitation on mandatory bargaining is the concept of management prerogative, which involves issues of policy that should be exclusively reserved to a government's discretion." *Id.* at 726–27 (footnote deleted).[4] The Corpus Christi Court of Appeals has recognized the managerial prerogative limitation in regard to the FPERA holding "that a balancing test should be applied" such that "a proposed subject constitutes a condition of employment under the FPERA only if it has a greater effect on working conditions than on management prerogatives." *Id.* at 727–28.

The Corpus Christi court applied the balancing test to the question of whether grooming standards constitute a condition of employment as a matter of law. *Id.* at 726, 728. The court found that the policy had a greater effect on management prerogatives than on working conditions. *Id.* at 728. The purpose of the grooming standards policy was to improve the image of the fire department and promote safety. *Id.* As to these concerns, the court explained that they "are largely subjective in nature and directly reflect a reasonable departmental policy." *Id.* In contrast, the policy's effect on working conditions was minimal as the issues addressed in the grooming policy had little to do with the fire fighter's ability to perform his or her job. *Id.*

We find no Texas cases to guide us in the application of this balancing test to the question you pose. Thus, we look to other jurisdictions that have applied a balancing test to the question of whether payroll deductions are a management prerogative excluded from collective bargaining. In *National Education Association-Topeka, Inc., v. USD 501, Shawnee County*, the Kansas Supreme Court considered whether the "payroll deduction of NEA-Topeka dues," among other things, was a mandatorily negotiable "term[ ] and condition[] of professional service." 592 P.2d 93, 97 (Kan. 1979). The test the court applied to make this determination was whether the deductions had a greater direct impact on the well-being of the individual teachers than on the operation of the school system. *Id.* Although payroll deductions worked to benefit directly the teacher association in transacting its affairs, the court recognized that the teacher association is simply an agent for the teachers and "stands in the shoes of the teacher" under the test. *Id.* at 98. The court noted that there was no evidence that payroll deduction had any significant impact on the operation of the school

---

[4]"Perhaps the single greatest, and almost universally recognized, limitation on the scope of bargaining or negotiation by state public employees is the concept of managerial prerogative[;] . . . the concept creates a dichotomy between 'bargainable' issues, that is, those issues which affect conditions of employment, and issues of 'policy' which are exclusively reserved to government discretion and cannot be made mandatory subjects of bargaining." Deborah Tussey, Annotation, *Bargainable or Negotiable Issues in State Public Employment Labor Relations*, 84 A.L.R.3d 242, 255–56 § 3[a] (1978).

district but did have considerable impact on the teachers. *Id.* The court held that the payroll deduction of NEA-Topeka dues was a mandatory subject of negotiation. *Id.*

We believe the same reasoning applies here and that the payroll deduction of association dues has a greater effect on police officers' working conditions than on City management prerogatives. A payroll deduction is of direct benefit to the police officers' association in transacting its affairs, and the association is but an agent for the police officers as they exercise their right to negotiate. TEX. LOC. GOV'T CODE ANN. § 174.102 (Vernon 2008). Unlike the grooming standard considered by the Corpus Christi court, the issue of payroll deductions for association dues does not impact public safety or the public's perception of the police department. *See Corpus Christi Fire Fighters Ass'n*, 10 S.W.3d at 728. A payroll deduction does not, in our opinion, implicate the type of subjective policy issues that have been held by other jurisdictions to fall within the management prerogative. *See, e.g., Fraternal Order of Police, Miami Lodge 20 v. City of Miami*, 609 So.2d 31, 34–35 (Fla. 1992) (holding that random drug testing is a management prerogative when there is evidence of drug involvement by specific officers); *Town of Billerica v. Int'l Assoc. of Firefighters, Local 1495*, 615 N.E.2d 564, 565–66 (Mass. 1993) (holding that a minimum staffing provision was a nondelegable right of management); *Frackville Borough Police Dep't v. Penn. Labor Relations Bd.*, 701 A.2d 632, 635 (Pa. Commw. Ct. 1997) (holding that the selection of a manager for a police pension fund was a management prerogative). In sum, we conclude that the payroll deduction of association dues is not a managerial prerogative and thus, is a proper subject of bargaining or negotiation.[5]

Having concluded that the payroll deduction of association dues is not excluded from collective bargaining, we next consider whether such a payroll deduction is an item encompassed within the terms "compensation, hours, and other conditions of employment"—mandatory subjects of bargaining under the FPERA. Because Texas courts have indicated that the statutory duty under the FPERA is the same duty imposed by the NLRA, we look to the NLRA and cases interpreting that Act to resolve this issue. *See McAllen Police Officers Union v. Tamez*, 81 S.W.3d 401, 409 (Tex. App.—Corpus Christi 2002, pet. dism'd) (looking to the NLRA, and the cases interpreting the NLRA, to resolve issues under the FPERA); *Int'l Assoc. of Firefighters, Local 399, Beaumont, v. City of Beaumont*, 610 S.W.2d 543, 545–46 (Tex. Civ. App.—Beaumont 1980, no writ) (looking to the NLRA to support the notion that vacation time is a condition of employment and legitimate subject for collective bargaining under the FPERA). The Fifth Circuit Court of Appeals has held that a dues checkoff is a condition of employment and a mandatory subject of bargaining. *Nat'l Labor Relations Bd. v. J.P. Stevens & Co., Gulistan Div.*, 538 F.2d 1152, 1165 (5th Cir. 1976); *Sweeney & Co. v. Nat'l Labor Relations Bd.*, 437 F.2d 1127, 1134 (5th Cir. 1971). Like the payroll deduction here, a dues checkoff is the deduction of union dues from the company's wage payments to the employees. *H.K. Porter Co. v. Nat'l Labor Relations Bd.*, 397 U.S. 99, 100 (1970); *see also In re N.J. Transit Bus Operations, Inc.*, 592 A.2d 547, 555 (N.J. 1991) (discussing the fact that the phrase

---

[5]We note that if such a payroll deduction would require an appropriation of money by any governing body, an association must "serve on the public employer a written notice of its request for collective bargaining at least 120 days before the date on which the public employer's current fiscal operating budget ends." TEX. LOC. GOV'T CODE ANN. § 174.107 (Vernon 2008).

"check-off rights" is associated with private sector collective bargaining while "payroll deduction" is the language traditionally associated with public sector collective negotiation). Based on this Fifth Circuit precedent we conclude that the payroll deduction of association dues is a mandatory subject of bargaining under the FPERA.

Because we conclude that the payroll deduction of association dues is a mandatory subject of bargaining under the FPERA, we believe the City's duty under section 174.105 of the FPERA to bargain collectively with a police officers' association implicitly gives the City authority to provide this type of payroll deduction. TEX. LOC. GOV'T CODE ANN. § 174.105 (Vernon 2008). Such power is fairly implied in or incident to the duty expressly imposed on the City to collectively bargain under the FPERA. Our conclusion here comports with the policy objectives articulated in the FPERA and the legislative mandate to construe the FPERA liberally. TEX. LOC. GOV'T CODE ANN. §§ 174.002 (Vernon 2008) (setting out the policy objectives of the FPERA); 174.004 ("This chapter shall be liberally construed.").

# S U M M A R Y

The issue of payroll deduction of association dues is a mandatory subject of bargaining under the Fire and Police Employee Relations Act ("FPERA"), codified at chapter 174, Local Government Code. Thus, we conclude that a general-law municipality with a population of 10,000 or fewer and a duty to bargain collectively under section 174.105 of the FPERA has implied authority to provide payroll deductions for association dues.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee